## C. Shaw v. James Sears.

### Error from Miami County.

A tender to be valid must be without conditions, absolute.

*Held* that an instruction asked of the court below, that "when a tender is made the party to whom it is made is only at liberty to accept on the terms proposed; if he accept he is bound by the terms; that he has no right to prescribe terms of acceptance; that a tender accepted is a settlement of the matters in controversy," was properly refused.

Sears sued Shaw before a justice of the peace on an account amounting in all to $45.45, giving credit for cash $25.00, and claiming a balance due of $20.45. On the trial before the justice, Shaw demanded a jury, who returned a verdict that the plaintiff had no cause of action, whereupon the plaintiff appealed to the District Court, when the case was again submitted to a jury, who returned a verdict for ten dollars balance in favor of the plaintiff.

Defendant brings the case here by petition in error, on the ground that the court erred in refusing to give the following instructions to the jury, viz:

"When a tender is made the party to whom it is made is only at liberty to accept on the terms proposed, and may either accept or reject at his option. But if the tender is accepted, the person accepting is bound by the terms of the tender. The party receiving a tender has no right to prescribe the terms of his acceptance in opposition to the express wishes of the party making the tender. A tender accepted is a settlement of the matter in controversy between the parties."

To the refusal of the court so to instruct, defendant's counsel excepted.

The bill of exceptions show, that on the trial of the cause in the District Court, the defendant had introduced evidence tending to show that defendant had tendered to plaintiff $25.00 in full settlement of all differences unsettled between them, and that the plaintiff accepted the amount tendered, saying "he would take it as part payment," to which the defendant answered "no! if you take it you must take it in full settlement."

*Wagstaff* for plaintiff in error.

No counsel for defense.

*By the Court,* BAILEY, J.

On the question presented by the record in this case, we think there can be but little difficulty.

The instructions prayed for claim for the party making the tender the right *to make conditions* in regard to it, and deny to the party accepting, the right to prescribe the conditions of his acceptance, while the whole tenor of the authorities, as we read them, is to the effect that a tender to be valid must be *without conditions* absolute. Thus in Greenleaf on Evidence, vol. 2, sec. 605, it is laid down that "it must also appear that the tender was *absolute,* for if it be *coupled with a condition,* as for example, if a larger sum than is due be offered and the creditor be required to

return the change, or if the sum be offered in *full of all demands*, or if it be on condition that the creditor will give a receipt or release, or if it be offered by way of boon with a denial that any debt is due; or if any other terms be added which the acceptance of the money would cause the other party to admit, the tender is not good."

The authorities seem to be unanimous to the same effect. We are therefore of opinion that the court below did not err in refusing to give the instructions prayed for, and that the judgment of that court must be affirmed.

All the justices concurring.