## THOMAS J. BIGGER v. J. A. BOVARD.

WARRANTY OF GOODS, ON SALE; *Breach of Warranty; Return of Goods to Vendor; Condition of Goods, on Return.* A vendor impliedly warrants goods sold by him without any opportunity of inspection on the part of the buyer to be of a merchantable quality, and reasonably fit for the purpose intended; and if, when the goods are delivered to the buyer, they are unmerchantable and unfit for use, the buyer may return them without unnecessary delay, and rescind the contract; and if the goods on being returned to the vendor are injured or damaged without any fault or negligence on the part of the buyer, such injury does not prevent a rescission of the contract.

*Error from Wyandotte District Court.*

ACTION on promissory note, brought by *Bigger.* *Bovard* set up a failure of consideration. Trial at April Term 1876. Verdict, and judgment for defendant. Plaintiff brings the case here. The facts are stated in the opinion.

*Cobb & Alden,* for plaintiff.

*Scroggs & Bartlett,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by the plaintiff in error in the court below to recover upon a note for the sum of $1,142.72, given by the defendant to the plaintiff, September 23d 1874, and due in thirty-seven days from date. The defendant answered the petition of the plaintiff by a general denial, and a plea of failure of consideration for the note, in this, that the meat for which the note was given was not the kind which he agreed to purchase, and that he returned the same and rescinded the contract. He also pleaded a counterclaim, about which there was no controversy. The answer was not verified, and hence the execution of the note was admitted. The issues were made up by the reply of the plaintiff—a general denial of the new matter in the answer. The evidence on the trial showed that the consideration of the note was a certain bill of meat sold by the plaintiff to the defendant, and the plaintiff knew the market for which the defendant bought the meat, viz., for the use of men engaged in mining coal in the coal mines in Bourbon county, near Godfrey station, on the Missouri River, Fort Scott & Gulf railroad. It further showed that the defendant claimed that the meat did not comply with his contract of purchase, and that he returned the meat to the defendant, and claimed a rescission of the contract. The case was tried to a jury, and certain special findings of fact were returned. The general verdict was in favor of the defendant, and judgment was entered accordingly. The plaintiff claims that the judgment

was erroneous under the special findings of fact made by the jury, and that the court below erred in not granting him a new trial. The special findings of fact found by the jury were as follows:

*Ques. 1.*–Where was the meat delivered by the plaintiff to the defendant? *Ans.*–At Kansas City.

*Ques. 2.*–Was the meat in good merchantable condition when it was delivered by the plaintiff to the defendant? *Ans.*–No; not quite.

*Ques. 3.*–Did the plaintiff, when he obtained the note from the defendant's agent, make false or fraudulent representations to said agent, which induced said agent to give the note to the plaintiff. *Ans.*–No.

*Ques. 4.*–Was the meat in as good condition when it was returned to the plaintiff as when he delivered the meat to the defendant, except any depreciation arising from unsoundness when delivered? *Ans.*–No.

*Ques. 5.*–Was the meat mentioned in defendant's answer the only consideration for the note sued on in this action? *Ans.*–Yes.

*Ques. 6.*–Did said defendant rescind said contract as soon as he found said meat was unmarketable, and not the kind of meat contracted for? *Ans.*–Yes.

*Ques. 7.*––Did the defendant contract with the plaintiff for merchantable meat? and did defendant make known to plaintiff the purpose for which he intended said meat? *Ans.*–Yes.

*Ques. 8.*–Did the defendant return said meat to plaintiff so soon as he found it to be unfit for the use for which he purchased, and unmerchantable? *Ans.*–Yes.

*Ques. 9.*–Did the plaintiff comply with his contract with the defendant, as to the different kinds of meat ordered; that is, in reference to the number of pounds of each kind? *Ans.*–No.

The sole question presented is, whether the special findings harmonize with the general verdict? Counsel for plaintiff assert that the findings show that the defendant did not put the plaintiff in such a condition as entitled him to a rescission of the contract; that the meat was not returned in as good condition as it was when he received it, allowing for any unsoundness it had when delivered, and that he failed to take

proper care of the meat while he retained it.   These conclusions are attempted to be forced from the *fourth* finding of fact.   But we do not think this finding, taken in connection with the other findings, can be so construed.   All that finding is, when the meat was returned it was not in as good condition as delivered, allowing for the depreciation of its original unsoundness.   There is no statement therein that the defendant failed to exercise ordinary care while it was in his possession, nor that he surrounded it with other meat that was spoiled, nor wantonly exposed it to the heat of the sun, as counsel intimate may have been done.   As the law permits the retention of goods by the buyer, bought under circumstances as these were, for the time necessary to examine them, and if on examination the same prove to be unmerchantable, to return them without unreasonable delay, and thus have a rescission of the sale, the defendant had the right to so act in this case; and said fourth finding does not conflict with this principle.   The most that can be said of it, is, it finds the meat was damaged, not merely by its own unsoundness, but from other causes.   The finding does not connect defendant with any such injury, except that counsel assumes that he was responsible for all injury or damage to the meat from the time of its delivery to him until his return of it, not resulting from its unsoundness.   Such is not the law.   If the goods delivered to the buyer are inferior in quality to that which was warranted by the vendor, the vendor may refuse to accept the goods, and return them; and while in his charge or possession he is certainly not liable for injury to the goods resulting from no want of due care on his part.   In the absence of all fault or negligence on the part of the defendant, he is not chargeable for any damage or injury to the meat on its return to the plaintiff.   If there was any exposure, or other act committed, whereby the meat was injured from other influences than its impaired condition when delivered, nothing is contained in said fourth finding to make the defendant responsible therefor, in view of the general verdict, and the other findings of fact.

The judgment will be affirmed.

All the Justices concurring.