*250 The opinion of the court was delivered by
Valentine, J.:.
This was an action brought by the firm of Latham & Ireland against Henry Hartford, on a promissory note. The defendant set up two defenses: First, that the note was given for a horse, or rather a mare, on a warranty of soundness, and that the animal was unsound and soon died; and second, as follows: “For further defense defendant says, that although the said animal hereinbefore referred to was worthless, for the reasons stated in the first paragraph of this answer, still, as he had used the animal some before it died, in order to avoid trouble with plaintiffs and by way of compromise he tendered plaintiffs back the animal, and also the sum of $20, as a satisfaction of plaintiffs’ alleged claim, which said tender was made absolutely by defendant, and is still held good.”
On the trial of the case, which was before the court and a jury, the defendant testified, among other things, as follows:
“I afterward saw Latham, and told him I would be lenient; I wanted no law suit; that it would not pay me nor him, and that while I owed him and Ireland nothing, yet to avoid a law suit, and compromise the dispute, I would pay them $20 in addition to turning over the mare. The tender I made I am still willing to pay as a compromise. [Defendant’s attorneys here offered $20 to plaintiffs, and they refused to accept it.] He said he would have all the note, or nothing.”
This was all the testimony introduced upon this subject. The jury found in favor of the defendant, and judgment was rendered accordingly, in favor of the defendant and against the plaintiffs for costs. The plaintiffs now, as plaintiffs in error, seek a reversal of this judgment. They claim that the judgment should be reversed absolutely, and that they should be granted a new trial; but if this cannot be done, then they claim that they should have judgment for the $20 tendered by the defendant.
Now this supposed tender (although a tender in popular language) was not a tender at all in law. In law, “a tender, to be valid, must be without condition, absolute.” (Shaw v. Sears, *251 3 Kas. 242. See also the quotations in the case just cited from 2 Greenleaf’s Evidence, §605; also cases cited in 13 U. S. Digest, 1st series, pp. 6 to 9, Nos. 45, 56, 90, 95, 108, •111, 114, and 134.)
' promise; teader in law. . The supposed tender in this case was simply an offer to compromise— an offer to purchase peace; and both parties so understood it. The defendant understood that if the plaintiff Latham accepted the money offered, A 1 J 1 that it would be a complete and final settlement of all matters of difference between them; and the plaintiff Latham understood it in the same way, for when the offer was made “he said he would have all the note called for, or nothing.” If the offer of the money had been a tender in law, then the plaintiffs could have accepted the money, and have sued for any remainder which they might have claimed to be still -due on the note; but if the offer was merely by way of a compromise, then the plaintiffs could not have accepted the money without relinquishing all right to any further payment on the note. A tender admits absolutely the amount tendered as due; while an offer to compromise admits nothing, except that there is a dispute, and the party offering the money by way of compromise may claim that nothing is due; and in this very case, the defendant, when he offered the $20 to the plaintiffs, stated that he owed them nothing, “yet to avoid a law suit, and compromise the dispute, he would pay them the $20.” He denied his liability to them, and did not confess or admit any -such liability as a tender requires. The law encourages compromises. Men must be permitted to offer to purchase .peace, without prejudicing themselves if the offer should not prove successful; and such offers may be made in order to stop litigation, without regard to whether anything is due, or not. (1 Gr. Ev., §192.)
We do not wish to be understood as saying that the offer in the present case was no evidence that something was due to the plaintiffs. ■ Indeed, we do not wish to express any opinion upon that question; but all that we wish to say is, that the offer to pay the $20 is not such conclusive evidence *252 against the defendant as to prevent him from showing that nothing was in fact due to the plaintiffs; nor is it such conclusive evidence as to require the jury to find, from it alone, in favor of the plaintiffs and against the defendant for that amount, or to require the court to render judgment for that amount.
2. Contractmay whenoindea’ The plaintiffs claim that .the defendant could not rescind the contract of sale which had been previously entered into between them. In this we think the plaintiffs . * are in error- (Bigger v. Bovard, 20 Kas. 204; Rogers v. Hanson, 35 Iowa, 284, 286, 287, and cases there cited; Boothby v. Scales, 27 Wis. 626, 636, and cases there cited; Zitske v. Goldberg, 38 Wis. 217, 223.)
The plaintiff, Ireland, agreed when the defendant bought the mare, and afterward, that if the mare should not be what she was warranted to be, then the defendant might return her, and that the plaintiffs would take her back, or make the matter satisfactory to the defendant in some other way. There may be cases, and there may be many of them, where the purchaser of personal property with express warranty could not rescind the contract and return the property, upon a breach of the warranty; but this is not one of that class of cases. This clearly comes within that class of cases where the purchaser may rescind.the contract and return the property, upon a breach of the warranty. But it probably makes but very little difference in this case whether the defendant could rescind the contract, or not, for the mare was worthless, and died soon after the attempted rescission of the contract. In the opinion of the jury, and they were probably correct, the promissory note was wholly without consideration. At the time the defendant attempted to rescind the contract, he tendered the mare to the plaintiffs; but they refused to receive her, and she died very soon afterward, leaving nothing to be tendered to the plaintiffs.
The judgment of the court below will be affirmed.
All the Justices concurring.