No. 22,535.

ROY W. ANDERSON, *Appellee,* v. THE UNCLE SAM OIL COM-
PANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. STATUTE—*Authorizing Recovery of Attorney's Fee Unconstitutional.*
That part of chapter 187 of the Laws of 1893, sections 5873-5879 of
the General Statutes of 1915, which provides for an attorney's fee,
violates that part of the fourteenth amendment to the constitution of
the United States which reads:

"No state shall make or enforce any law which shall abridge the
privileges or immunities of citizens of the United States; nor shall any
state deprive any person of  .  .  .  property, without due process
of law, nor deny to any person within its jurisdiction the equal protec-
tion of the laws."

2. TENDER—*Valid Tender.* "A tender to be valid must be without con-
ditions, absolute." (*Shaw v. Sears,* 3 Kan. 242, syl.)

3. JURISDICTION—*Appeal—Amount in Controversy.* If a constitutional
question is presented, an appeal will not be dismissed, although the
amount in controversy in the supreme court is less than $100.

Appeal from Montgomery district court; JOSEPH W. HOL-
DREN, judge. Opinion filed March 6, 1920. Modified and af-
firmed.

*Edward J. Flemming,* of Tulsa, Okla., for the appellant.
*James A. Brady,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover $150 wages and
$7.28 expenses incurred, and recovered judgment for $157.28,
and costs, and $40 attorney's fee. The defendant appeals.

The plaintiff had been employed by the defendant, a corpora-
tion, as superintendent of its refinery at Cherryvale, at a
salary of $200 a month. This action was brought to recover
$150 of the wages earned during the month of August, 1918.
Part of the wages, $50, for that month had been paid. The
plaintiff had incurred an expense of $7.28 in and about the
defendant's business. Before the action was commenced the
defendant tendered to the plaintiff a check for $157.28. On
this subject the following evidence was introduced:

"Q. Before you brought this suit did not he tender you a check on The Uncle Sam Oil Company for $157.82? A. They offered me a check for that amount. I refused to accept it because I had another agreement with them where they were owing me $200 more, and this check that was made to receipt that part in full to date. And I could not very well take that check and lose the other $200.·

. . . . . . . . . . . .

"Q. You did not refuse to take the check merely because it was a check, but because it was a receipt in full? You were not objecting to it merely because it was a check instead of money? A. Well it was because they had on there—

"Q. Receipt in full or something of that kind? A. In full to date.

"Q. Did the check have indorsed on it 'Balance due on exp. ac. $7.82, salary for August $200, total $207.82, less advance on salary $50, total $157.82? A. I do not remember whether that was on it or not. I do remember, though, 'In full to date.'"

1. The defendant contends that chapter 187 of the Laws of 1893, sections 5873-5879 of the General Statutes of 1915, is unconstitutional, for the reason that—

"It abridges the privileges and immunities of citizens of the United States, . . . it deprives persons of their property . . . without due process of law, . . . and it denies to persons within its jurisdiction the equal protection of the laws."

To support this contention it is argued that the law "does not apply to all employers of labor who are incorporated, i. e., it does not apply to (a) public corporations, (b) steam surface railway corporations, or to (c) corporations engaged in the production of farm and dairy products."

Sections 5873 and 5879 of the General Statutes of 1915, sections 1 and 7 of the act questioned, read:

"§ 5873. All private corporations doing business within this state, except all steam surface railways and except corporations engaged in the production of farm and dairy products, shall pay to their employees the wages earned each and every week in lawful money of the United States, and all such wages shall be due and payable and shall be paid by such corporation not later than Friday of each week for all such wages earned the preceding week.

"§ 5879. Whenever it shall become necessary for employees to enter or maintain a suit at law for the recovery or collection of wages due as provided by this act, then such judgment shall include a reasonable attorney fee, to be taxed as part of the costs in the case, and collected under the same provisions of law as such judgment."

Anderson v. Oil Co.

This presents a question arising under the constitution of the United States; therefore, the decisions of the supreme court of the United States are controlling.

An analysis of the argument to support the defendant's contention discloses that it is the classification made in the statute that is attacked. On the subject of classification this court, in *Rambo v. Larrabee,* 67 Kan. 634, 73 Pac. 915, said:

"An act, to have a uniform operation throughout the state, need not affect every individual, every class, or every community alike. It is competent for the legislature to classify and adapt a law general in its nature to a class, but such classification must be a natural and not an arbitrary or fictitious one, and the operation of such general law must be as general throughout the state as are the *genera* therein provided for." (Syl. ¶ 5.)

(See, also, *The State v. Butler County,* 77 Kan. 527, 533, 94 Pac. 1004; *In re Williams,* 79 Kan. 212, 217, 98 Pac. 777; *The State v. Reaser,* 93 Kan. 628, 145 Pac. 838.)

Again, in *The State v. Heitman,* 105 Kan. 139, 181 Pac. 630, this court said:

"Classes may not be created arbitrarily or unreasonably, or the principle or equality would be violated. There must be some difference in character, condition, or situation, to justify distinction, and this difference must bear a just and proper relation to the proposed classification and regulation; otherwise, the classification is forced and unreal, and greater burdens are, in fact, imposed on some than on others of the same desert." (p. 141.)

A leading case, one that has been often cited in subsequent decisions by the supreme court of the United States, is *Gulf, Colorado & Santa Fe R'y. v. Ellis,* 165 U. S. 150. That action arose over a statute of Texas giving an attorney's fee of ten dollars to those who were compelled to resort to litigation, and were successful therein, to collect *bona fide* claims against railway companies, "for personal services rendered or labor done, or for damages, or for overcharges on freight, or claims for stock killed or injured by the train of any railway company." (p. 151.)

Justice Brewer, who delivered the opinion of the court, said:

"The act singles out a certain class of debtors and punishes them when for like delinquencies it punishes no others. They are not treated as other debtors, or equally with other debtors. They cannot appeal to

the courts as other litigants under like conditions and with like protection.

. . . . . . . . . . . . .

"While good faith and a knowledge of existing conditions on the part of a legislature is to be presumed, yet to carry that presumption to the extent of always holding that there must be some undisclosed and unknown reason for subjecting certain individuals or corporations to hostile and discriminating legislation is to make the protecting clauses of the Fourteenth Amendment a mere rope of sand, in no manner restraining state action.

. . . . . . . . . . . .

"It is, of course, proper that every debtor should pay his debts, and there might be no impropriety in giving to every successful suitor attorney's fees. Such a provision would bear a reasonable relation to the delinquency of the debtor, and would certainly create no inequality of right or protection. But before a distinction can be made between debtors, and one be punished for a failure to pay his debts, while another is permitted to become in like manner delinquent without any punishment, there must be some difference in the obligation to pay, some reason why the duty of payment is more imperative in the one instance than in the other.

"If it be said that this penalty is cast only upon corporations, that to them special privileges are granted, and therefore upon them special burdens may be imposed, it is a sufficient answer to say that the penalty is not imposed upon all corporations. The burden does not go with the privilege. Only railroads of all corporations are selected to bear this penalty. The rule of equality is ignored.

. . . . . . . . . . . . .

"It is apparent that the mere fact of classification is not sufficient to relieve a statute from the reach of the equality clause of the fourteenth amendment, and that in all cases it must appear not only that a classification has been made, but also that it is one based upon some reasonable ground—some difference which bears a just and proper relation to the attempted classification—and is not a mere arbitrary selection. Tested by these principles the statute in controversy cannot be sustained." (pp. 153, 154, 156, 165.)

Chapter 187 of the Laws of 1893, sections 5873-5879 of the General Statutes of 1915, does not apply to individuals nor to partnerships, although they may be engaged in the same kind of business as corporations, and have as much capital invested, and as many persons employed as the corporations have. Individuals may and do engage in mining, manufacturing, and merchandising, yet the statute applies to a corporation engaged in any of these lines of business and does not apply to an individual or a partnership engaged therein.

No reason is apparent for compelling a corporation to pay an attorney's fee in an action by an employee to collect his wages, when a like liability is not imposed on an individual nor a partnership. All are persons within the meaning of the fourteenth amendment to the constitution of the United States, so far as property rights are concerned, and are entitled to the equal protection of the laws of the state. (*Gulf, Colorado & Santa Fe R'y. v. Ellis,* 165 U. S. 150, 154; 4 Enc. of U. S. Sup. Ct. Rep. 352; 6 R. C. L. 413; 12 C. J. 1198.) Why should steam surface railroads be excluded from the operation of the law and all other kinds of railroads be included; and why should corporations engaged in the production of farm and dairy products be excluded and other corporations be included? No reasonable, satisfactory answer can be given to these questions. The law requiring the payment of an attorney's fee violates the prohibition contained in that part of the fourteenth amendment to the constitution of the United States which reads:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of . . . property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

2. The defendant argues that judgment should not be rendered against it for an attorney's fee, because, before the action was commenced, the defendant tendered to the plaintiff the amount for which the action was brought. This argument is not good, for the reason that the defendant imposed conditions on its tender. "A tender to be valid must be without conditions, absolute." (*Shaw v. Sears,* 3 Kan. 242, syl.) "To constitute a sufficient tender it must be unconditional. Where a larger sum than that tendered is in good faith claimed to be due, the tender is ineffectual as such if its acceptance involves the admission that no more is due." (*Smith v. School District,* 89 Kan. 225, 131 Pac. 557.) (See, also, *Lathan v. Hartford,* 27 Kan. 249, 250; 38 Cyc. 152, 154.) The tender was not good.

3. A motion has been filed to dismiss the appeal on the ground that the amount in controversy in this action does not exceed $100. The issue as presented in this court arises over

the attorney's fee of $40, allowed to the plaintiff, which is less than the $100; but the statute (Civ. Code, § 566, Gen. Stat. 1915, § 7470) which limits the jurisdiction of this court to actions in which the amount in controversy shall exceed $100, excepts, among others, cases involving the constitution of the United States. A federal constitutional question has been presented. Of that question this court has jurisdiction, and the question must be decided. The motion to dismiss the appeal is denied.

The plaintiff is entitled to judgment for his wages and expenses, but he is not entitled to any judgment for an attorney's fee. The judgment is therefore modified by striking out that part providing for an attorney's fee of $40. As thus modified, the judgment is affirmed.