# April Term 1921

## PARRIS, ET AL. *v.* JAQUITH.

Decided December 6, 1920.   Rehearing denied May 2, 1921.

Action against a garage keeper for damages resulting from the destruction of automobiles by fire.   Judgment for plaintiff.

### *Affirmed.*

1. EVIDENCE—*Sufficiency.*   Evidence reviewed and held sufficient to make it fairly certain that the fire which destroyed automobiles in a garage, was caused by negligence of defendants or their employes, and to rebut the probability that it originated in any other manner.

2.   *Negligence—Custom.*   In an action against a garage keeper for damages resulting from the destruction of automobiles by fire in the garage, evidence of custom, method of construction, heating, etc., of other garages, was properly excluded as immaterial, where specific negligence was alleged and established.

3. INSTRUCTIONS—*Negligence.*   In an action for the destruction of automobiles by fire specifically alleged to have been caused by negligence of defendants, it was not error for the court to refuse a requested instruction specifically excluding the destruction of the property by accident or unknown cause, where the jury was properly instructed on the subject of negligence.

4.   *Repetition—Argumentative.*   Requested instructions which are argumentative in character, or which state in a different way, or unnecessarily amplify legal propositions incorporated in the instructions of the court, are properly refused.

5. *Care Required in Proportion to Danger.* In an action for damages for the destruction of automobiles in a garage, where the building was heated by a furnace over which was a wooden floor whereon automobiles dripping oil and gasoline were stored, the court correctly instructed the jury that the care required on the part of defendants increased in proportion to the danger.

6. EVIDENCE—*Photographs—Competency.* Photographs of the ruins of a building taken several days after its destruction by fire, were properly admitted in evidence where there was proof that conditions were unchanged from the date of the fire and that the pictures were procured as soon as possible.

7. *Instructions to Employes.* Offers by defendants to prove instructions given an employe, in an action for damages by fire, were properly rejected.

8. NEGLIGENCE—*Contracts Limiting Liability.* Contracts limiting liability for damages, are generally against public policy.

9. AUTOMOBILES—*Garage Keepers—Liability.* Garage keepers cannot escape liability for damages occasioned by their negligence, by posting signs that they will not be liable for loss by fire.

*Error to the District Court of Mesa County, Hon. Thomas J. Black, Judge.*

Mr. S. N. WHEELER, Mr. S. HARRISON WHITE, Mr. L. W. JORDAN, for plaintiffs in error.

Messrs. TUPPER & SMITH, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

A GARAGE owned and operated by plaintiffs in error in the city of Grand Junction was destroyed by fire, January 22, 1918. Defendant in error owned one automobile, and has succeeded to the claims for two others, which were destroyed in this fire. In an action for damages therefor he obtained a verdict and judgment in the sum of $1,311.20.

To review that judgment the cause is now before us. The parties are hereinafter designated as in the court below.

Whether in all cases of bailed property not returned on demand and admitted to have been destroyed by fire, bailor must allege and prove negligence, as held in *Stone v. Case*, 34 Okl. 5, 124 Pac. 960, 43 L. R. A. (N. S.) 1168-1177, and note VII, p. 1178, and cases therein cited; or whether, in a bailment such as the one now before us, the burden is upon bailee to show reasonable care, as held in *Hoel v. Flour City Fuel & Transfer Co.*, 144 Minn. 280, 175 N. W. 300, is immaterial. In the instant case plaintiff alleged negligence. He assumed that burden in the trial court and assumes it here.

Defendants insist that the proof failed, that their motion for an instructed verdict should have been sustained, and that the evidence will not support the judgment. That evidence was sufficient to justify the jury in finding the following facts:

The garage in question was heated by a furnace located under the center of the main floor. That portion of the floor directly over the furnace, and there constituting the ceiling of the furnace room, was of wood. Upon it cars were stored and it was more or less oil soaked. Within five feet of the furnace door was a wooden post extending from the floor of the furnace room to the ceiling. The night was cold and there was a good fire in the furnace. The "Night man" or "watchman" who had charge of the furnace was a high school boy who slept in the repair shop. Ashes had been raked out of the furnace that night and allowed to remain about the post above mentioned. From them the fire started, climbed this post to the main floor and first broke through the roof directly above.

No other reasonable theory of the origin of the fire can be formulated from the evidence. If this evidence was believed by the jury it was sufficient to make it fairly certain that the fire was caused by the negligence of defendants, or their employees. *Pueblo L. H. & P. Co. v. McGinley*, 5 Colo. App. 238, 243, 38 Pac. 425. It rebuts the

probability that the fire originated in any other manner. *Mountain Motor Fuel Co. et al. v. Rivers,* 65 Colo. 561, 170 Pac. 1164. This was the specific negligence alleged and relied upon. If it occurred, (and the jury evidently so found) it was negligence *per se.* Hence evidence of custom, methods of construction, heating, etc., in other garages, offered by defendants and excluded, was immaterial. The instructions given defined negligence, advised the jury that negligence was never presumed but must be proven, and that such proof must be of some act of negligence charged. Hence the refusal of defendants' instruction No. 5, which specifically excluded destruction of the property by accident or unknown cause, was not error.

The jurors were told that plaintiff must make out his case by a fair preponderance of the evidence. Defendants' instruction No. 11, refused, is merely a statement of this proposition in a different way, hence the refusal was not error.

Defendants' instruction No. 11½, refused, is but an unnecessary amplification of the definition of negligence, and a portion of it is argument. Its refusal was proper.

Plaintiff's instruction No. 10, given, and to which exception is taken, advises the jury that the care required increases in proportion to the danger. An ordinarily prudent man so acts. This instruction has special application to a furnace over which is a wooden floor whereon automobiles, dripping oil and gasoline, are stored. It is correct.

Several days after the fire, but as soon as the water had been removed from the furnace pit, photographs were taken which, together with oral evidence of conditions then existing, were admitted over defendants' objection. It is contended that this evidence is too remote. There was ample proof that these conditions were unchanged from the date of the fire and this evidence was procured as soon as the withdrawal of the water from the pit made it available. The admission of it was proper.

Defendants offered to prove instructions given by them

to the "watchman." The offer was rejected and the ruling was correct. *Texas and Pacific R. Co. v. Scoville*, 62 Fed. 730, 10 C. C. A. 479, 27 L. R. A. 179, 181, note "e."

Defendants pleaded, and offered to prove, release of liability by contract consisting of a sign two feet square posted over the repair room in the garage, which sign stated that they would not be liable for loss by fire. The evidence was properly excluded. There was no proof, or offer of proof, that this sign was called to plaintiff's attention, or that he ever saw it. *Hoel v. Flour City Fuel & Transfer Co., supra.* Contracts limiting liability for negligence are generally against public policy. *Denver P. W. Co. v. Munger*, 20 Colo. App. 56, 77 Pac. 5. Defendants could not, by posting such a sign, escape liability for their own negligence.

No reversible error appearing in this record the judgment is affirmed.

Mr. Justice Scott not participating.