# Ernest H. Noyes, Appellee, v. Walker D. Hines, Director General of Railroads, Appellant.

## Gen. No. 25,646.

1. CONFLICT OF LAWS, § 12*—*what law governs contract.* A contract is governed by the laws of the State where it is made.

2. COMMON LAW, § 7*—*when common law is presumed to be in force.* Where a contract is made in a foreign State and the laws of such State do not appear in evidence, it must be presumed that the common law is in force there and applicable, even though a statute controlling similar questions exists in the State where the questions are tried.

3. BAILMENTS, § 9*—*when bailment is governed by conditions on receipt.* By the weight of authority, when a person accepts a ticket from a bailee in receipt for a parcel deposited with him, he is bound by the terms and conditions of that receipt in so far as he has reasonable notice of the same and so far as the same are reasonable.

4. BAILMENT, § 9*—*what condition of agreement is reasonable.* A condition, on a ticket from a bailee in receipt for a parcel deposited with him for a charge of only 10 cents, limiting the liability of the bailee in case of loss to $25, is reasonable.

5. BAILMENT, § 9*—*when bailor is bound by conditions as to deposit.* A person who deposits his hand bag at the check stand in a railway station has reasonable notice of a limitation of liability of the bailee in case of loss, where large placards, so situated that one exercising any degree of care could scarcely fail to see them, announce these limitations, and the ticket handed to him specifically points them out.

Appeal from the Municipal Court of Chicago; the Hon. F. J. CAMPBELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed with finding of fact and judgment here. Opinion filed December 31, 1920.

LOESCH, SCOFIELD, LOESCH & RICHARDS, for appellant.

DENT, DOBYNS & FREEMAN, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is an appeal by the defendant from a judg-
ment entered in favor of plaintiff in the sum of $200
on a finding of the court.   The statement of claim
alleged that on October 1, 1918, the plaintiff in New
York City, N. Y., deposited in a parcel room con-
ducted by the defendant there, a Gladstone bag and
contents, and paid to defendant the sum of 10 cents,
which was the published charge for storing a parcel.
The defendant gave to the plaintiff a receipt there-
for, bearing the number 57-71-30; that less than 6
hours thereafter the plaintiff presented said check to
defendant and demanded the return of the bag and
contents, which defendant failed to return or deliver
to him; that as a matter of fact the bag had been
delivered to another person, and plaintiff has never
received either the bag or its contents.

The affidavit of merits, on information and belief,
denied these allegations, denied negligence and im-
proper conduct, and denied that the value of the bag
and contents was $500 as alleged, and further set up
that "if appellee ever delivered to appellant a bag
and contents, it was under the terms of a contract
wherein it was provided that in case of loss, appel-
lant would be liable to appellee not to exceed $25,"
and further, that the defendant was acting within his
power under the Acts of Congress of the United
States.

The case was tried before the court without a jury.
The court found the defendant guilty as charged in
the statement of claim, found the value of the bag
and contents to be $200 and entered judgment for that
amount.

It appeared from plaintiff's evidence that plaintiff
lived in Chicago; that at the time in question he was
in New York City, N. Y.; that he left his hotel at
about 6 o'clock in the evening, took a taxicab with his
trunk and bag to the Pennsylvania Terminal there;
that he checked his trunk on the Pennsylvania Road

to Washington, and checked his bag in the parcel room; that it was his intention to leave on the Pennsylvania train that night; that he was in a great hurry, rushed in and left, then took his checks and jumped into a waiting taxicab and returned to the hotel; that he returned to the terminal about 12 o'clock, and turned over his railway transportation to the conductors who were sitting in the waiting room, and turned the check for his parcel over to one of the attendants, who took it to the check room. As the attendant did not return immediately, the plaintiff went to the check room, where he learned that the bag could not be found. With the permission of the attendant he went inside the check room and they searched the place high and low without finding it. In the, meantime he had missed his train, and he then came back and they again searched the place without avail.

The attendant at the parcel room told the plaintiff that the bag had been given out to another party on a check with a serial number next in rotation to the one held by plaintiff. In the search they found the bag which should have been given to the other person, and found it to be a cheap, dirty-looking paper suit case, with a lot of dirty clothes in it, which was offered to plaintiff, but which he refused to take. When plaintiff deposited his bag in the parcel room he received a check for it. and paid 10 cents, and nothing was said to him about the contents of the check, nor was his attention drawn to any language on the check. At this time plaintiff's business was that of traveling for a company in the interest of a branch of government war work, and he was traveling constantly, had checked his bag at different times at different parcel rooms prior to this time. Plaintiff says that he assumed that the appellant received parcels at the room in question from the fact of having seen the opening there and people behind there ready to re-

ceive parcels and the packages on the wall, and having seen people given checks in return for these packages. He asked nothing when he went up to the window at the parcel room and did not tell anybody what the contents of his bag were; had no conversation whatever. He read and wrote the English language fluently.

By stipulation of the parties certain photographs appear in the evidence, being representations of a part of the railroad station, showing the parcel room as conducted by the defendant at the time in question, and a duplicate of a card which is shown in the photographs to be posted below the words "Parcel Room," and directly above the words "Parcels Received." The original of this was a white card printed in heavy black letters 10 inches by 13 inches in size. It is as follows:

"UNITED STATES RAILROAD ADMINISTRATION.

W. G. McAdoo, Director General of Railroads. Pennsylvania Railroad-Eastern Lines, West Jersey & Seashore Railroad, New York, Philadelphia & Norfolk Railroad, Huntington & Broad Top Mountain Railroad.

PARCEL ROOM CHARGES.

The storage of valises, parcels, etc., at stations will be subject to the following rates and regulations on and after September 15, 1918:

For 24 hours or less (payable in advance) ........................ 10 cents
For each additional 24 hours or less    10 cents
Maximum charge for one month.... $1.00
Each subsequent day or fraction thereof after one month.......... 10 cents
Maximum charge for two months.. $2.00
Umbrellas, canes, coats, or other garments will be subject to the same charge as a parcel.

Articles of a fragile, inflammable or explosive nature, or otherwise objectionable; also articles of a bulky nature, such as trunks, tool chests, baby coaches, etc., will not be received.

These carriers will not be responsible for loss, damage or detention of articles left in storage for any amount in excess of $25.00.

Parcel Room Open from      A.M. to      P.M., Parcels etc., will be Accepted and Delivered Only Between Above Hours.

A. A. BROWN.

Assistant General Baggage Agent.

W. F. McPhail,

General Baggage Agent.''

The check delivered to the plaintiff at the time he deposited the bag was printed on both sides.  On the front of the check appeared the following:

''57-71-30

Time received.

Suit

Case X'

Umbrella

New York

Coat            Pennsylvania Station

7th Ave. & 32nd Street; No. 1

24 Hours or less (Payable in advance)

Box            from time stamped, TEN CENTS.

Large          Each additional 24 hours or less, TEN
               CENTS.

Package   Maximum charge one month, $1.00.''

In heavier type appear the words:

''SEE OTHER CONDITIONS ON BACK.''

On the back of the check appears the following:

''The person accepting this check hereby agrees, in consideration of the low rate at which it is issued, that no claim in excess of $25 shall be made against the Railroad Company for the loss of, or injury to, any package, valise or other article which may have been deposited with it, and for which this check has been issued.

''Articles remaining unclaimed after 90 days will be subject to sale for accrued charges.''

It was agreed between the parties in open court that the plaintiff was relying upon a pure bailment

for hire only, and not on the relation of carrier and passenger.

The court refused to hold, as a matter of law, at the request of the defendant, that as one of the contracting parties was an agent of the United States that the laws and statutes of the United States would apply in considering the contract, and refused to hold that the slip of cardboard received by the plaintiff when he deposited his suit case with the defendant was a part of the contract between plaintiff and defendant, and refused to hold that the acceptance of a ticket for the Gladstone bag, deposited with the bailee, which purported to limit the liability of bailee to $25 for loss, was sufficient to establish an agreement prima facie valid, and the mere failure to read the ticket could not · overcome the presumption of assent.

The court further refused to hold that when a person accepts a ticket from a bailee, in receipt for a parcel, and on said ticket the value of said parcel is stated to be $25, and the parcel is accepted on payment of a rate based on said value, and the apparent value of said parcel is not more than $25, the person depositing said parcel and receiving said ticket has no right to recover more than $25, if the parcel is lost, even through the negligence of the bailee because the bailee accepted the parcel in good faith, relying upon the value thereof being $25, and fixed the charge for his services in accordance therewith.

The court further held, as requested by defendant, that the defendant was a bailee for hire, and that the transaction was a bailment for the mutual benefit of the parties; that the reasonableness or unreasonableness of the limitation in question had no application to the suit, for the reason that the defendant's duty was that of a bailee for hire, and, as such, it owed no particular duty to the public, such as a common car-

rier does, and that the defendant was not a warehouseman.

The contention of the appellant apparently is that the finding and the judgment should have been for only $25, being the limitation of value fixed by the check given to the plaintiff, and by the placard appearing in the room in which the deposit of his bag was made, and it is apparent that the determination of this question depends upon whether the provision limiting the liability of the defendant became a term of the contract for bailment made between them.

It is important in the first place to determine as to the law of the State which should be applied. The contract was made in New York, and it would, therefore, seem that the law of New York should be applied as to the terms of the contract. Further, the laws of New York do not appear in evidence, and, in the absence of this proof, we must presume that the common law is in force there, and applicable, even though a statute controlling similar questions exists in the State of Illinois. This has been held in *Woodbury v. United States Casualty Co.*, 284 Ill. 227.

The plaintiff cites and relies on *Healy v. New York Cent. & H. River R. Co.*, 153 N. Y. App. Div. 516, 138 N. Y. Supp. 287. In that case the plaintiff at the parcel room of the defendant in Albany, New York, checked his hand bag and received therefor a duplicate cardboard coupon 2 inches by 3 inches in size, upon the face of which was printed with other things, "See conditions on the back," and upon the back of the coupon were printed provisions as to charges, etc., among which appeared the following:

"The depositor in accepting this duplicate coupon expressly agrees that the company shall not be liable to him or her for any loss or damage of any piece to an amount exceeding Ten Dollars."

The words "Ten Dollars" were in large print and the remainder in small print. The hand bag was left

with the defendant in the morning and plaintiff called for it about 10 o'clock in the evening, when it appeared that the bag had, by mistake, been delivered to another. It was proved that the hand bag was of the value of $70, and the trial court entered judgment for that amount, notwithstanding the limitation named in the receipt. The Supreme Court of New York, on appeal, held that the relation of the parties was simply that of bailor and bailee for hire; that the rules as to common carriers were not applicable under the facts. Further, that under the provisions of certain statutes of that State, which were claimed by defendant to be applicable, the clause limiting defendant's liability to $10, "was a condition which the defendant had not the legal right to insert in the coupon, and was void." It was further stated that the decision "should be placed on the broader ground that under the circumstances disclosed by the record, the unreasonable condition printed upon the coupon attempted to limit the liability of the defendant to not exceeding $10, was void." The opinion states further that if notice had been given to the bailor, a different question would have been presented, but that there was not anything "which would tend in any way to suggest to a reasonably prudent man or lead him to suspect the existence of such a special contract, or tend to put him on guard or on inquiry relative thereto." It was therefore held that the minds of the parties never met; that the limitation of the liability was, therefore, not a part of the contract, and that plaintiff could recover for the full value of the hand bag. One of the judges in an opinion specially concurring and reviewing analogous cases in New York placed his concurrence in the decision on the ground that plaintiff was justified in regarding the check as a mere token to enable him to identify his package when called for, and said:

"If the plaintiff knew that the defendant had limited

his liability to $10, either by his attention being called to it or otherwise, then, of course, the law would deem him to have assented to it, so that a binding contract would be effected. If he did not know it, I think the law imposed no duty upon him to read his check to find whether or not there was a contract printed thereon or that he was guilty of neglect in not so reading it, because he had no reason to apprehend that a contract was printed thereon.''

This case was affirmed by the New York Court of Appeals in 210 N. Y. 646.

In England, after very careful consideration, the courts seem to have reached a different conclusion, and in *Harris v. Great Western Ry. Co.*, 45 L. J. Q. B. (N. S.) 729, the authorities applicable from *Coggs v. Bernard*, 2 Ld. Raym. 909, are reviewed, and the conclusion reached that the terms of a ticket delivered under such circumstances constitute a contract between the parties, although the plaintiff does not read them, and that plaintiff is bound by the limitation stated in them. In that case the plaintiff, through her agent, left luggage of the value of more than 5 pounds, in the custody of the defendant's servants, who were in charge of its cloak room, paid to them the charge, which was the sum of 4 pence, and received in return a ticket which was headed ''Luggage and cloak office,'' and contained a memorandum that the luggage was left ''Subject to the conditions on the other side,'' and it appeared that one of these conditions was that the defendant would not be liable for the loss of packages beyond the value of 5 pounds, unless the value was declared and an increased charge paid.

In *Parker v. Southeastern Ry. Co.*, 46 L. J. C. P. (N. S.) 768, the plaintiff deposited his bag in a cloak room of a station on the defendant's railway, paying the usual charge, and receiving in return a printed ticket, having on the face of it a receipt for each of the articles, and at the bottom the words ''See Back.''

On the back of the ticket were the words: "The Company will not be responsible for any package exceeding the value of Ten Pounds." The same conditions were also printed on a placard hanging up in the cloak room. The trial court submitted the case to a jury on two questions, first, as to whether plaintiff read or was aware of the special terms of the contract, and second, whether he was guilty of negligence in being unaware of them. The court, on appeal, held that the jury were misdirected and that the proper question for the jury was: Whether the defendant· had done what was reasonably sufficient to give the plaintiff notice of the conditions? That if that question were answered in the affirmative, judgment should be given for the defendant. Bramwell, L. J., in a separate opinion, held that on the facts the trial judge should have directed a verdict for the defendant.

In *Skipwith v. Great Western Ry. Co.*, 59 L. T. (N. S.) 520, the plaintiff had deposited a bag exceeding 5 pounds in value in a railway station cloak room, paying twopence, and receiving a ticket, on the front of which was a notice, "This ticket to be returned when articles are delivered up," and at the side, "Subject to the conditions on the other side." On the back of the ticket was this:

"The Company is not answerable for loss or detention of or injury to any article or property exceeding the value of five pounds, unless at the time of its delivery to them the true value and nature thereof be declared by the person delivering the same, and a sum at the rate of a penny for every twenty shillings of the declared value be paid for such article or property for each day, or part of a day, for which the same shall be left, in addition to the above mentioned charge."

Plaintiff's bag was lost without his fault, and it was agreed that the value was 50 guineas. The jury answered special interrogatories to the effect that

assuming there was no special contract as contained in the conditions, the defendants were negligent, and that the defendants gave reasonable notice to the plaintiff that the ticket contained conditions, but that reference to these conditions might, in the opinion of the jury, be made more distinct. The court held that there was a contract, and that the plaintiff was bound by the conditions of it, and that the plaintiff, therefore, could not recover. The ground of the decision was that the plaintiff had reasonable notice of the conditions on the ticket.

And in the case of *Pratt v. Southeastern Ry. Co.,* 66 L. J. Q. B. (N. S.) 418, the plaintiff deposited his gun in a cloak room of the defendant and received a printed ticket or check for it. The following conditions were printed on the ticket:

"The Company will not be responsible for articles left by the passengers at the station, unless the same be duly registered, for which a charge of twopence per article will be made, and a ticket given in exchange; and no article will be given up without the production of the ticket, or satisfactory evidence of ownership being adduced. A charge of one penny *per diem* will be made on all articles left in the luggage room for a longer period than 24 hours. The Company will not be responsible for any package exceeding the value of Ten Pounds."

The gun, while in the custody of the defendant, was damaged to the extent of 5 pounds, and the plaintiff on trial had judgment for that amount, but on appeal it was held that the conditions on the ticket were binding on the plaintiff and that he could not recover anything, because of the provision that the company should "not be responsible for any package exceeding the value of Ten Pounds." A similar rule has been announced by the courts in South Carolina, in the case of *Terry v. Southern Ry.,* 81 S. C. 279.

While the precise question never seems to have been passed upon by the courts of this State, in *Miles*

·v. *International Hotel Co.,* 289 Ill. 320, our Supreme Court held that the plaintiff in that case, who had been a guest at defendant's hotel, and who, upon going away, had deposited her trunk with the defendant, was charged with knowledge of a statement on a card posted on the door of her room in the hotel to the effect that: "All baggage and property of guests left with us in storage will receive our best attention, for which no charge will be made, but in case of accident by fire or water or damage of any kind it will be at the risk of the owner." It does not appear from the facts stated in that opinion that the plaintiff in that case had ever read the card on the door. As to the fact of the notice on it, however, the court said:

"At least some of the terms of the bailment were fixed by the notice which was posted by defendant in error in the room of plaintiff in error."

A somewhat analogous case is that of *New York Cent. & H. River R. Co. v. Beaham,* 242 U. S. 148. The plaintiff in that case had purchased a first-class ticket as a passenger on the defendant's line, and received a ticket which on its face stated that the package liability was limited to wearing apparel, not to exceed $100 in value for a whole ticket, and $50 for a half ticket, unless a greater value was declared by the owner and excess charges thereon paid at the time of taking passage.

The plaintiff checked her trunk on this ticket and received a check or receipt on the face of which were the words: "See conditions on back. Value not stated." On the back of the ticket was printed:

"Notice to passengers. Baggage consists of a passenger's personal wearing apparel and liability is limited to $100 (except a greater or less amount is provided in tariffs) on full fare ticket, unless a greater value is declared by owner at time of checking, and payment is made therefor."

Plaintiff's trunk and its contents were lost. The

defendant denied liability for more than $100, relying upon the limitation described in the ticket and check or receipt, and also upon similar limitations embodied in its tariff schedules filed with the Interstate ·Commerce Commission. It appeared as a fact that the plaintiff had not read these conditions, and their validity was denied by her. The Supreme Court of the United States in its opinion held that the plaintiff was bound by the limitation, and said:

"In the circumstances disclosed, acceptance and use of the ticket sufficed to establish an agreement prima facie valid which limited the carrier's liability. Mere failure by the passenger to read matter plainly placed before her could not overcome the presumption of assent."

We think the weight of authority is to the effect that when a person accepts a ticket from a bailee in receipt for a parcel deposited with him, he is bound by the terms and conditions of that receipt in so far as he has reasonable notice of the same, and in so far as the same are reasonable.

In this case it does not seem to be unreasonable to hold that a person depositing luggage or similar articles temporarily, in the manner as shown by the evidence, and for a consideration of only 10 cents to be paid by him, would expect that there would be some limitation placed upon the value of the article so deposited. If this were not so then the defendant would have been bound if plaintiff had deposited with his suit case $100,000 worth of diamonds or other articles of similar great value. The condition, therefore, in itself, seems to have been a reasonable one. The notice as to the condition would also seem to have been reasonable. The defendant had a right to assume that the plaintiff could read the English language; had also a right to assume that the plaintiff would take notice that by reason of the very small charge he could not expect an unlimited liability.

The defendant, we think, may very properly have

asked: What more could or ought the defendant to have done in order to put plaintiff upon notice? Large placards, so situated that one exercising any degree of care could scarcely fail to see them, announced to the plaintiff these limitations. The ticket which was handed to him specifically pointed them out. What more could defendant have done, or what more ought we require it to do? Should the defendant be required to instruct every one of its servants to personally notify each one of its customers by word of mouth, of that which it had already notified him in writing? We do not think so. The case was tried by the court, without a jury, and this court is by statute required to review cases, not only as to the law, but as to the facts. We are inclined to think that both under the facts and the law the plaintiff was bound by the conditions stated in the ticket limiting the amount which he might recover to the sum of $25. And the judgment will, therefore, be reversed, with a finding of fact and judgment here in favor of the plaintiff below and against the defendant-appellant for that amount, but no execution will issue thereon. (United States Compiled Statutes 1918, sec. 1974a.)

*Reversed with finding of fact and judgment here.*

Barnes, P. J., and Gridley, J., concur.

Finding of fact. We find that appellee, Ernest H. Noyes, had reasonable notice of the limitation of appellant's liability to the sum of $25 under the contract sued on.