## No. 10,414.

### DENVER UNION TERMINAL RAILWAY CO. *v.* CULLINAN.

Decided November 6, 1922.    Rehearing denied December 4, 1922.

Action for loss of traveling bag deposited at a public railway check room.   Judgment for plaintiff.

### *Affirmed.*

#### *On Application for Supersedeas.*

1. BAILMENT—*Contract Limiting Liability.* Where there is a bailment for hire in the course of the bailee's general dealing with the public, a contract limiting liability for negligence is generally against public policy, and he who alleges it must be held to strict proof.

2. *Check Stands—Checks.* Where a check issued for baggage deposited at a public check stand carries a pretended contract limiting liability for loss, there is no justifiable presumption that the person receiving it will inspect it for such a contract.

3. *Check Stands—Loss of Goods—Liability.* A traveling bag deposited by the owner at a public check stand was lost through the admitted negligence of the bailee. In a suit to recover the value thereof, bailee set up as a defense a limitation of its liability by reason of a posted notice and a similar notice printed on the check issued to plaintiff. It appearing from the evidence and findings of the court, that plaintiff did not see the posted notice, did not read the limitation on the check, and had no

knowledge of any custom of limitation, judgment for the full value of the lost article was upheld.

4. Warehousemen—*Liability.* Under the provisions of section 21, chapter 226, S. L. 1911, warehousemen are liable for loss due to their negligence.

5. Common Carriers—*Director General—Limitation of Liability.* In an action for loss of baggage, on the question of limitation of liability of bailee, it is held that no order of the director general of railroads is involved.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. C. C. Dorsey, Mr. E. G. Knowles, for plaintiff in error.

Mr. Ernest Morris, Mr. Benjamin S. Galland, for defendant in error.

*En banc.*

Mr. Justice Burke delivered the opinion of the court.

The parties hereto are hereinafter designated as in the trial court, where plaintiff in error was defendant and defendant in error was plaintiff.

Defendant operates a check room at the union station in Denver. May 11, 1920, plaintiff there checked a traveling bag, which with its contents was of the value of $293.75, paying in advance the required charge. Later in the day she called for redelivery, which failed; the bag and contents having disappeared. To plaintiff's demand for payment in full, defendant offered to pay $25.00 and no more. Thereupon this action was brought. Trial was to the court without a jury. Findings were for plaintiff for the full amount of her claim with interest, and judgment was entered accordingly. To review that judgment defendant sues out this writ and the cause is now before us on application for supersedeas.

The complaint alleges the bailment, value of the property, failure to redeliver, and loss through negligence.

The first defense of the answer admits all the allegations of the complaint save value, which is denied on information and belief. The second defense alleges limitation of liability to $25.00 by contract consisting of a notice posted above the check room window and a similar notice printed on the check delivered to plaintiff, both containing such limitation. Both notices are established. Complaint and answer are verified.

It will be borne in mind that this is a case of loss through undisputed negligence of the bailee, and such is the evidence before us, and the finding of the trial court, that it is settled herein that plaintiff did not see the posted notice, did not read the limitation on the check given her, and had no actual knowledge of any custom of limitation.

The transaction under consideration was a bailment for hire in the course of the bailee's general dealing with the public. In such cases contracts limiting liability for negligence are generally against public policy. 6 C. J. 1112. *Denver P. W. Co. v. Munger,* 20 Colo. App. 56, 77 Pac. 5; *Pilson v. Tip Top Auto Co.,* 67 Ore. 528, 136 Pac. 642; *Parris v. Jaquith,* 70 Colo. 63, 197 Pac. 750.

Assuming, but not deciding, that such a contract can be upheld, the first question presented is, Did the attempted limitation here rise to the dignity of a contract? In view of the general rule above announced it is clear that there can be no presumption in favor of a limitation of liability. He who alleges it must be held to strict proof, and that the posted notice is not of itself sufficient is settled in *Parris v. Jaquith, supra.*

Such limitation of liability, under facts substantially the same as in the instant case, is upheld in *Noyes v. Hines,* 220 Ill. App. 409, based largely upon English authorities, and denied in *Healy v. N. Y. C. & H. R. R. Co.,* 153 App. Div. 516, 138 N. Y. Supp. 287, affirmed in 210 N. Y. 646, 105 N. E. 1086, which seems to follow the general trend of decisions in the courts of this country. We accept the reasoning of the latter.

In the Noyes case the Illinois court goes only to the ex-

tent of holding the bailor bound by the terms of his check or receipt "in so far as he has reasonable notice of the same, and in so far as the same are reasonable." It does hold both notice and terms reasonable. This holding is based on the assumption that in the absence of limitation the company would have been liable for $100,000 in diamonds if so checked, that plaintiff would look for some limitation by reason of the small charge, that, looking, he would discover the notice, and that he could read English, and would therefore read the notice, none of which assumptions seem to us reasonable. Receiving and caring for a bag of precious stones has no relation to the company's business. Many greater liabilities are assumed by business concerns on proportionally smaller charges. Numerous travelers can not read English. Countless check stands throughout the country receive and care for valuable property where the bailment is evidenced by a check containing only a number and the name of the bailee. Such checks carrying a pretended contract are in fact the exception. When they do so there is no justifiable presumption that persons receiving them will inspect them for such a contract. The most, and in fact the only, conspicuous thing on the check before us is the number and the name of the company.

Moreover, it is said in *Terry v. Southern R. Co.,* 81 S. C. 279, 18 L. R. A. (N. S.) 295, 62 S. E. 249, cited by defendant, that this check room business is not a part of the business of a common carrier, and defendant in receiving the bag "contracted as a warehouseman." Section 21, p. 659, L. 1911, concerning warehousemen, makes them liable for loss due to their own negligence.

Cases cited by defendant in which a limited liability was printed in a railway ticket which after purchase and opportunity for examination was used by a traveler as a basis for checking baggage, gratuitous bailments, and bailments evidenced by checks or receipts requiring specific notation at the time of the bailment of the articles in question or their values, are clearly distinguishable in principle from

the case at bar and require no further examination.

It is next contended that this limitation is valid under an order of the Director General of Railroads which has extended up to and including September 20, 1920 by the United States Transportation Act of that year.

The President of the United States took over the railroads under the Act of Congress of August 29, 1916, chapter 418, and his proclamation was issued December 28, 1917. The act of 1920 terminated federal control on March 1, save as to "regulations and practices on lines" subject to the Interstate Commerce Act. Section 1 of that act (3 Fed. Stat. Ann., Edition of 1903, 809) provides that it shall not apply to the "receiving, delivering, storage, or handling of property, wholly within one State." If, therefore, the business of defendant was properly taken over under the Act of Congress and the presidential proclamation (which question we find it unnecessary to decide), such federal control terminated prior to the date when the cause of action herein arose.

In our opinion there was no contract between plaintiff and defendant limiting the bailee's liability for negligence, and no order of the Director General of Railroads is here involved. The supersedeas is accordingly denied and the judgment affirmed.

MR. JUSTICE CAMPBELL not participating.