No. 10,520.

CASCADE AUTO CO. *v.* PETTER.

Decided February 5, 1923.

Action against a garage keeper for loss of, and damages to an automobile. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. VERDICT—*Motion to Direct by Each Party—Effect.* A request by each party for a directed verdict is equivalent to a stipulation that the facts may be found by the court, and the court's finding thereupon made is conclusive, if supported by evidence.

2. PLEADING—*Conclusion of Law.* A statement in a complaint, that the offense through which plaintiff lost his automobile, was larceny, is a conclusion of law, and plaintiff was not bound by the opinion thereon expressed in pleading or proof.

3. GARAGE KEEPERS—*Liability.* A garage keeper cannot limit his liability for the negligent loss of an automobile stored with him, by posting a sign to the effect that he will not be liable for the theft of machines from his garage.

4. BAILMENT—*Loss of Automobile—Negligence.* A garage keeper cannot escape the presumption of negligence from the bailment and failure to redeliver a stored automobile, by the assertion of matters to avoid liability, which have no support in the evidence.

5. JUDGMENT—*Presumption.* Where a judgment is supported by evidence, all presumptions are in favor thereof.

6. GARAGE KEEPERS—*Liability.* Garage keepers not held to be abso-

lute insurers of bailed property, but liable for loss occasioned by their negligence, or that of employes in the line of their duty.

*Error to the District Court of El Paso County,*
*Hon. Arthur Cornforth, Judge.*

Mr. JOHN S. STIDGER, for plaintiff in error.

Messrs. HARRIS & PRICE, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error was defendant, and defendant in error was plaintiff, in the trial court and they are hereinafter so designated.

Defendant operated a garage in Colorado Springs. Plaintiff stored his automobile there, under contract. When called for the car had disappeared. It was recovered in a badly damaged condition in an adjoining state. This suit was brought for such damages and the cause was tried to a jury. To review a judgment in the sum of $625.69 entered upon a directed verdict in favor of plaintiff, defendant brings error and the cause is now before us on its application for a supersedeas.

Plaintiff began storing his car with defendant in September, 1918, at an agreed price of $7.50 per month. On the evening of November 19, following, the car was in storage under said contract and was in good condition. About four o'clock a. m., the next day, an unidentified man, claiming to be plaintiff, came to the garage, drove out the car, had it filled with gasoline which he charged to plaintiff, and drove away. All this was in the presence, and with the acquiescence, of defendant's servant in charge. So much is undisputed.

At the close of all the evidence each party moved for a directed verdict. Defendant's motion was overruled and plaintiff's sustained. These rulings constitute the alleged error upon which counsel for defendant bases his argument for a supersedeas. That argument depends for its efficacy

upon two propositions: 1. That the question of defendant's negligence should have been submitted to the jury. 2. That the judgment is contrary to the evidence.

1. A request by each party for a directed verdict is equivalent to a stipulation that the facts may be found by the court. The court's finding, thereupon made, is conclusive if there is evidence to support it. *Beuttell v. Magone*, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654; *Phenix Ins. Co. v. Kerr*, 129 Fed. 723, 724, 66 C. C. A. 251, 66 L. R. A. 569; *Nisbet v. Siegel-Campion Co.*, 21 Colo. App. 494, 516, 123 Pac. 110.

2. It is said that the original complaint alleged, and the evidence established, that the car in question was stolen, and that defendant, by virtue of a sign to that effect conspicuously posted in its place of business, was not liable in case of theft. Whether the offense through which plaintiff lost his automobile was larceny was a conclusion of law, and plaintiff was not bound by an opinion thereon expressed in pleading or proof. Moreover, defendant could not so limit its liability by posting such a sign. *Parris v. Jaquith*, 70 Colo. 63, 67, 197 Pac. 750; *Denver U. T. Ry. Co. v. Cullinan*, 72 Colo. 248, 210 Pac. 602.

It is next urged that the presumption of negligence arising from the bailment and failure of redelivery is rebutted by undisputed evidence that defendant kept its own cars in the same garage and gave to all the same care. Assuming that this proposition is correct, if supported by the evidence, the answer is that it is not so supported. There is no evidence in this record that defendant, or its servants, ever delivered its property to unidentified strangers who claimed to be the owners thereof.

It is further asserted that the course of dealing with this car had established the right of the company under its contract to deliver the car to plaintiff's wife or any one sent by her. This, even if true, would not justify delivery to a stranger who claimed to be neither plaintiff's wife nor her agent, but plaintiff himself. Moreover, plaintiff testified to an express oral contract that the car was only to be

delivered to him or his wife and we must assume that the court found accordingly.

As to the terms of the contract of storage, and other questions of fact, the evidence is conflicting. It is, however, ample to support the judgment and all presumptions are in favor thereof.

The only assignments not covered by the foregoing are numbers 9 and 10 relating to the admission of evidence. They are wholly without merit and require no examination.

It is insisted that the affirmance of this judgment is an approval of the doctrine that a garage keeper is an absolute insurer of bailed property. Far from it. The act of the employee in the instant case was in the line of his duty and the negligence was gross.

We have examined the entire record with care and find it so clearly free of error as to leave no justification for holding the cause for further argument.

The supersedeas is accordingly denied and the judgment affirmed.