KEENAN HOTEL COMPANY *v.* FUNK.

[No. 14,220. Filed August 12, 1931. Rehearing denied October 30, 1931. Transfer denied January 15, 1932.]

678

*Guy Colerick,* for appellant.
*Lee J. Hartzell* and *Levi A. Todd,* for appellee.

WOOD, J.—Appellee filed his complaint in the court below, alleging that, on or about September 28, 1929, he was the owner of a certain described automobile of the value of $600; that, on said date, this automobile was stored in a public lot located in the city of Fort Wayne, which lot was operated and controlled by appellant, and in which the appellant solicited the general public to park automobiles, charging for the service so rendered the sum of 25 cents per day, which appellee

paid; that, as a consideration for said charge, appellant undertook and agreed to safely keep and care for said automobile and return same to appellee upon return of the receipt issued to him by appellant at the time of storing of same; that, while in the care and custody of appellant, said automobile, through appellant's negligence, was stolen; that appellee returned his receipt for the automobile to appellant, but it never returned or delivered said automobile to him; that, by reason thereof, he was damaged in the sum of $600.

To this complaint an answer in general denial was filed. Upon the issue thus tendered, the cause was submitted to the court for trial, without a jury. Judgment was rendered against the appellant. Motion for a new trial was overruled, hence this appeal. The only error assigned by appellant is the overruling of its motion for a new trial. The only reason for a new trial, relied upon by appellant for a reversal of this cause is that the decision of the trial court is not sustained by sufficient evidence.

Counsel for both appellant and appellee agree that the complaint proceeds upon the theory of damages suffered by appellee because of the careless and negligent breach of a contract of bailment by appellant.

This court will not weigh the evidence where it is conflicting. If there is any evidence tending to support every essential fact necessary to sustain the judgment, it is sufficient. It is also the rule that the court or jury trying the cause may draw any reasonable inference of fact from the evidence. It is not essential that a fact be proved by direct and positive evidence, but where it may reasonably be inferred from the facts and circumstances which the evidence tends to establish, it will be sufficient on appeal. *Federal Life Ins. Co.* v. *Sayre* (1924), 195 Ind. 7, 142 N. E. 223. It is only when there is no evidence on some es-

sential element to sustain the judgment, or to sustain any reasonable inferences in support thereof, that this court would be justified in reversing a cause for want of evidence. *Emerson Brantingham, etc., Co.* v. *Tooley* (1923), 81 Ind. App. 460, 141 N. E. 890.

In the trial, a copy of the receipt issued by appellant to appellee at the time the automobile was parked was introduced in evidence. It was in words and figures as follows: "Claim Check B 9519, Date —Name—Address. We are not responsible in case of Fire, Theft, or Accident. Clinton-Wayne Parking Co. Wayne at Clinton Street. Fort Wayne, Indiana." Counsel for appellant insist that an acceptance of the receipt by appellee, with the conditions recited thereon, made them a part of the contract of bailment and that appellee is bound thereby. This contention is sustained by the authorities. But such conditions would not relieve appellant from liability if appellee's car was stolen from the parking lot through appellant's negligence. *Hotels Statler Co.* v. *Safier* (1921), 103 Ohio St. 638, 134 N. E. 460, 22 A. L. R. 1190; *Parris* v. *Jaquith* (1920), 70 Colo. 63, 197 Pac. 750; *Denver Terminal Co.* v. *Cullinan* (1922), 72 Colo. 248, 210 Pac. 602, 27 A. L. R. 154; 6 C. J. 1112; *Cascade Auto Co.* v. *Petter* (1923), 72 Colo. 570, 212 Pac. 823.

From evidence, which is unchallenged in any way, it appears that, when the automobile was delivered to appellant for storage, appellee's wife, who left it with appellant, asked that she be permitted to lock it and take the keys with her; that the attendants refused to permit this, for the reason that it might be necessary to move the automobile about the lot in order to park or remove other automobiles, and that the attendants would watch it. This undoubtedly created in the mind of the lady a sense of security and belief that there was no risk involved in leaving the keys with appellant's

attendants. Whether or not this created a special contract of bailment is not necessary to decide.

That there was a contract of bailment based upon a consideration is admitted. "A bailee for hire of an automobile is liable to the owner for loss or injury thereto resulting from his own or servants' wrongful or negligent acts or omissions. The keeper of a garage must exercise that degree of care for the protection and preservation of the property of his. patrons which an ordinarily prudent man would exercise over his own property under similar circumstances." *Blackburn* v. *Depoyster* (1925), 209 Ky. 105, 272 S. W. 398.

Whether or not the bailee has failed to comply with this duty which the law imposes upon him is a question of fact for the court or jury trying the case to determine from the evidence. 3 R. C. L. §77, p. 153.

Where the burden of proof rests in cases of this kind is a question upon which the courts are not in harmony. The rule in Indiana, however, a portion of which is quoted with approval from the case of *Miles* v. *International Hotel Co.* (1919), 289 Ill. 320, 124 N. E. 599; *Employer's Fire Ins. Co.* v. *Consolidated Garage, etc., Co.* (1927), 85 Ind. App. 674, 681, 155 N. E. 533, was very plainly set forth in this language: " 'The weight of modern authority holds the rule to be that where the bailor has shown that the goods were received in good condition by the bailee and were not returned to the bailor on demand the bailor has made out a case of *prima facie* negligence against the bailee, and the bailee must show that the loss or damage was caused without his fault. . . . The effect of this rule is, not to shift the burden of proof from plaintiff to defendant but simply the burden of proceeding.' And such *prima facie* case is not overcome by a showing on

the part of the bailee that the goods have been burned, or otherwise destroyed or stolen. Before such *prima facie* case can be said to be overcome, the bailee must further produce evidence tending to prove that the loss, damage or theft was occasioned without his fault. This rule has been applied to garage keepers who failed to return automobiles on demand."

From an examination of the evidence in the record, keeping in mind the above rules as a test of its sufficiency to support the judgment, we do not find that there is a total want of evidence on any essential element necessary to make appellee's case.

Judgment affirmed.