The Louisville, New Albany and Chicago Railway Company v. Faylor.

---

No. 14,427.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. FAYLOR.

RAILROAD.—*Personal Injuries.*—*Passenger Riding on Free Pass.*—*Right of Recovery.*—*Carrier's Liability for Negligence.*—Common carriers are subject to the same liability for injuries resulting from negligence to persons riding on a free pass as they are to those who pay full fare. The right of the carrier to limit the severity of his common law liability by special contract is well settled, but does not extend to acts which result from his negligence, or the negligence of his employees.

The Louisville, New Albany and Chicago Railway Company *v.* Faylor.

SAME.—*Pleading.—Answer of Settlement and Release.—When Reply to Need Not be Verified.—Sufficiency of Reply to Avoid Settlement.*—Where, in an action against a railroad company to recover damages for personal injuries, the defendant pleaded a settlement and written release of the cause of action, to which the plaintiff replied his mental incapacity at the time of the execution of the release and the making of the settlement, and his refusal to receive the money, and notice to the company that he disaffirmed the settlement before the institution of suit, the reply need not be verified. It admitted the execution of the release upon which the defendant relied as a defence, and was not, therefore, a plea of *non est factum.* The facts pleaded were abundantly sufficient to avoid the settlement and release.

SAME.—*Consideration of Settlement and Compromise.—Restoration of as Pleaded. —Effect of.*—Where the consideration for a settlement and compromise, as pleaded, has been fully restored, the defendant can not complain that there was yet an additional consideration besides that relied on in the answer, which has not been restored. A party is not bound to make proof of the avoidance of a defence any broader than the defence pleaded.

SAME.—*Collision Between Trains.—Presumption as to Negligence.—How Overcome.*—Where trains carrying passengers are brought into collision with other trains, the passenger is not put to the impossible task of proving negligence. The presumption of negligence arises from the collision against the railway company, and it assumes the burden of overcoming the presumption by proof that the accident happened notwithstanding the highest degree of care and prudence on its part.

SAME.—*Exercise of Due Care by Carrier.*—Where the jury found that while the train on which the plaintiff was being carried was ascending a steep grade a number of the cars, including the caboose in which the plaintiff and others were seated, became detached from the engine and the forward part of the train, and the detached cars running backward came in collision with the engine of an advancing train, which was following the forward train at an interval of only eight minutes, and which could not be seen from the forward train, it can not be said, as a matter of law, that the railroad company was exercising due care in running trains up a steep grade, on a curved track, where one train could not be seen from the other, without a greater interval between them.

From the White Circuit Court.

*G. R. Eldridge* and *G. W. Friedley,* for appellant.

*E. P. Hammond, W. B. Austin, A. W. Reynolds* and *E. B. Sellers,* for appellee.

MITCHELL, J.—Taylor sued the railroad company to re-

cover damages for a personal injury alleged to have been sustained through the negligence of the company in October, 1886.

The plaintiff below was a passenger at the time he suffered the injury complained of, and was occupying a seat in a caboose attached to a freight train, in which he was transporting a car-load of cattle. While the train on which he was being carried was ascending a steep grade, a number of the cars, including the caboose in which the plaintiff and others were seated, became detached from the engine and the forward part of the train. The detached cars running backward came in collision with the engine of an advancing train, which it is claimed was following in dangerous proximity. The plaintiff sustained severe injuries. On the same day, while suffering from the injuries received, to an extent which it is claimed rendered him mentally incapable of transacting business, the plaintiff signed and executed a receipt and release in settlement and satisfaction of all damages sustained, as follows:

" Received, Cedar Lake, Indiana, October 27th, 1886, of the Louisville, New Albany and Chicago Railway Company, the sum of seventy-five dollars, in full of all damages sustained by me, by reason of being injured in an accident to a train on said railroad, at this place, on this day, I being a passenger thereon ; and in consideration of said sum I do hereby release and discharge said railway company from all rights of action that have accrued or may hereafter accrue to me in consequence of said injuries so received by me in said accident."

The plaintiff below claimed that the money alleged to have been received by him, in settlement of the damages sustained, was not paid to him, but that it was placed in the hands of a nurse employed by the company to take care of him ; that upon returning to consciousness, he declined to accept the money, and notified the company that he disaf-

firmed the compromise and settlement on account of his mental incapacity at the time it was made.

The railroad company set up the compromise and payment in pursuance thereof as a defence. It also answered specially that at the time of the injury complained of, the plaintiff was in charge of a car-load of cattle, and was riding under a contract in which it was stipulated that in consideration of a free pass, and other valuable considerations, the company was to be exempt from any liability for any injury which the plaintiff might sustain while in charge of the cattle.

This answer was held insufficient, and the plaintiff replied his mental incapacity, his refusal to receive the money, and notice that he disaffirmed the settlement, before instituting the suit.

The complaint proceeds upon the assumption that the railroad company was guilty of negligence in so coupling its cars that a portion of the train became detached, and that it was negligence to run its trains in such close proximity as that one might run into the other without being observed.

It is an established principle in the law, that while common carriers are not insurers of the safety of passengers, the very highest degree of practical diligence, care and skill is exacted of them in the performance of their duties, and a passenger who sustains injury on account of any neglect against which human prudence and foresight might have guarded, may demand compensation from the carrier. *Bedford, etc., R. R. Co.* v. *Rainbolt,* 99 Ind. 551 ; *Cleveland, etc., R. R. Co.* v. *Newell,* 104 Ind. 264.

The essential and imperative duty inherent in the very nature of the employment of a common carrier, is that of care, vigilance and skill in providing suitable and safe means for the carriage of those who intrust themselves to him for transportation, and of safely carrying them to their destination.

A stipulation that the carrier shall not be bound to the exercise of care and diligence is in effect an agreement to absolve him from one of the essential duties of his employment, and it would be subversive of the very object of the law to permit the carrier to exempt himself from liability by a stipulation in his contract with a passenger, that the latter should take the risk of the negligence of the carrier or of his servants. The law will not allow the carrier thus to abandon his obligation to the public, and hence all stipulations which amount to a denial or repudiation of duties which are of the very essence of his employment will be regarded as unreasonable, contrary to public policy, and therefore void.

The right of the carrier to limit the severity of his common law liability by special contract is well settled, but does not extend to acts which result from his negligence, or the negligence of his employees. *Adams Ex. Co.* v. *Reagan*, 29 Ind. 21; *Adams Ex. Co.* v. *Fendrick*, 38 Ind. 150; *St. Louis*, *etc., R. W. Co.* v. *Smuck*, 49 Ind. 302; *Bartlett* v. *Pittsburgh*, *etc., R. W. Co.*, 94 Ind. 281; *New York, etc., R. R. Co.* v. *Lockwood*, 17 Wall. 357 (384); *Liverpool, etc., Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 397 (440), and cases cited; *Inman* v. *South Carolina R. W. Co.*, 129 U. S. 128.

Common carriers are subject to the same liability for injuries resulting from negligence to persons riding on a free pass as they are to those who pay full fare. *New York, etc., R. R. Co.* v. *Lockwood, supra; Ohio, etc., R. W. Co.* v. *Nickless*, 71 Ind. 271; *Ohio, etc., R. W. Co.* v. *Selby*, 47 Ind. 471.

The conclusion follows that the demurrer to the answer in question was properly sustained.

It is claimed that the court should have rendered judgment in favor of appellant because the affirmative replies were not verified as pleas *non est factum*. It was not the purpose of the pleader in framing the replies to deny the execution of the release upon which the appellant relied as a defence. The

execution of the instrument was admitted. Its effect was avoided by pleading the mental incapacity of the plaintiff at the time the instrument was executed, and his complete and emphatic repudiation of the settlement as soon as he was restored to reason and consciousness. The facts pleaded were abundantly sufficient to avoid the settlement and release. *George* v. *St. Louis, etc., R. W. Co.,* 34 Ark. 613 (1 Am. & Eng. R. R. Cases, 294) ; *Dixon* v. *Brooklyn City, etc., R. R. Co.,* 100 N. Y. 170.

Without enlarging upon the evidence, it must be sufficient to say it fairly sustains the replies in so far as they set up facts in avoidance of the settlement on the ground of the incapacity of the plaintiff, and of his full and timely rescission of the compromise.

It would be observed that the only consideration for the compromise and settlement, pleaded as a defence, is the seventy-five dollars, the receipt of which is acknowledged in the written release. The consideration received in consequence of the settlement and compromise pleaded was fully renounced and restored as far as could be by plaintiff. If the consideration for the settlement and compromise, as pleaded, has been fully restored, the appellant can not now complain that there was yet an additional consideration besides that relied on in the answer which has not been restored. A party is not bound to make proof of the avoidance of a defence any broader than the defence pleaded. Upon the case as made by the pleadings, the appellant was placed *in statu quo*. It can hardly be said, upon the facts returned, that the collision was the result of inevitable or unavoidable accident, and that, therefore, no action could be maintained to recover the consequent injury. It may be that there was no discoverable defect in the " follower plate," the breaking of which caused the separation of the train, yet the breaking of this plate may not have been the immediate cause of the collision and injury. The jury find that the train which separated was eight minutes in advance of

the engine on the rear train which came into collision with the caboose. It is also found that the forward train separated while ascending a steep grade. It can not be said, as a matter of law upon the facts found, that the company was exercising due care in running trains up a steep grade on a curved track, where one train could not be seen from the other, without a greater interval between them.

The rule is settled that when trains carrying passengers are brought into collision with other trains, the passenger is not put to the impossible task of proving negligence. A presumption of negligence arises from the collision against the railway company, and it assumes the burden of overcoming the presumption by proof that the accident happened notwithstanding the highest degree of care and prudence on its part. *Cleveland, etc., R. R. Co.* v. *Newell, supra.*

Concerning the contention that the evidence shows that the injuries sustained by the plaintiff below were not of a permanent character, and that the damages were therefore excessive, nothing more need be said than that the evidence as to the permanency of the injuries was conflicting.

The appellant makes, in a more or less suggestive manner, numerous other points of minor importance in relation to rulings of the court in admitting evidence and in giving and refusing instructions. The points thus made involve substantially the same questions already determined.

We have considered all the questions thus made, and find no error in the record which would justify a reversal of the judgment.

Judgment affirmed, with costs.

Filed Nov. 21, 1890.