## ST. LOUIS & S. F. R. CO. v. DICKERSON *et al.*

No. 911.   Opinion Filed September 12, 1911.

(118 Pac. 140.)

1.   CARRIERS—"Baggage"—Definition.   Under the laws of the territory of Oklahoma, as continued in force by section 2 of the Schedule to the Constitution, "baggage" which the common carrier of persons must receive and transport without charge, except for an excess of weight, means only such articles as are intended for the use of the passenger whilst traveling, or for his personal equipment.

2.   CARRIERS—Injury to Household Goods or Wearing Apparel—Measure of Damages.   As to household goods or wearing apparel, the measure of damages is the difference in their actual value just prior to and subsequent to the injury, and not the difference in the market value of similar goods at such time at the nearest place where such market obtains.

3.   PARTIES—Joinder of Parties—Separate Interests—Damages to

**Property.** Where two or more persons have a separate interest in property and sustain a separate damage thereto, they must sue separately, and cannot join in the same action, even though their several injuries were caused by the same act.

(Syllabus by the Court.)

*Error from Kiowa County Court; J. W. Mansell, Judge.*

Action by Phillip J. Dickerson and others against the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*Hays, Carpenter & Hughes,* for defendants in error.

WILLIAMS, J.  This proceeding seeks to review a judgment, in an action commenced by the defendants in error, as plaintiffs, against the plaintiff in error, as defendant, in the justice court for Hobart City township, in Kiowa county, on February 12, 1908, for the loss of baggage, consisting of a trunk and its contents, of the value of $118.10, and the further sum of $25 for expenses, etc.  Judgment was rendered by default in favor of the plaintiffs against the defendant.  An appeal was prosecuted to the county court, where an amended bill of particulars was filed, claiming damages for the contents of the trunk in the sum of $150.65, and the further sum of $25 for expenses, etc.  The defendant entered a general denial, and further pleaded that the property lost did not properly constitute baggage, a part of which consisted of a piano or pulpit cover.

1.   Sections 708 and 709, Wilson's Rev. & Ann. Stat. 1903 (sections 498 and 499, Comp. Laws of Okla. 1909), provide:

"A common carrier of persons, unless his vehicle is fitted for the reception of passengers exclusively, must receive and carry a reasonable amount of luggage for each passenger without any charge except for an excess of weight over one hundred pounds to a passenger."  (Section 708.)

"Luggage may consist of any articles intended for the use of a passenger while traveling or for his personal equipment."  (Section 709.)

In *Choctaw, O. & G. R. Co. v. Zwirtz,* 13 Okla. 411, 73

Pac. 941, it was held that luggage and baggage signified one and the same thing, and that where the carrier's agents did not know the contents of the trunk, or the purpose of the traveler's journey when the trunk was received, unless its contents came within the term "luggage," as defined by the statutes, he could not recover, and that the articles which a carrier may be required to carry as luggage or baggage were confined to those which fall within its definition; the common-law term being restricted by said section 709.

Section 708, having been construed by the Supreme Court of the territory of Oklahoma, was continued in force at the erection of the state by section 2 ·of the Schedule to the Constitution. Whilst said decision did not thereby become a part of the statute, as is the case in the adoption of statutes from other jurisdictions (*Frick Co. v. Oats et al.,* 20 Okla. 473, 94 Pac. 682), yet the fact that the Legislature of the state has been in session three regular sessions and one special or extraordinary session since that time, and has not changed said section or enlarged its scope, said construction of said statute was evidently regarded by the agents of the sovereign people as correct, and the scope as just. Under such circumstances, we do not feel that we would be justifiable by judicial construction in extending its meaning, so as to include other items within the term "baggage," or "luggage," as therein defined.

Were the pulpit cover, gold pen, and pillow top baggage or luggage, within the scope of said sections? There is no intimation that the plaintiffs, or either of them, were ministers of the gospel, or engaged in any business in which a pulpit cover might be used by them while traveling, or for their personal equipment. Under the evidence in this record, the question as to whether said pulpit cover was baggage should not have been submitted to the jury. As to the gold pen and pillow top, we think the question as to whether they were properly baggage or luggage was for the determination of the jury.

2. It is further insisted that the witness who testified as to the value of the articles sued for did not qualify as to the

market value existing at the time and place of the alleged loss, and therefore her evidence was improperly admitted. Sections 710 and 2745, Wilson's Rev. & Ann. Stat. Okla. Ter. 1903 (sections 500 and 2903, Comp. Laws 1909), are referred to by plaintiff in error in support of its contention that said witness should have first qualified as to the market value of such articles at the place and on the day at which the same should have been delivered. The breach of contract arises by the failure of delivery of the carrier, and the injury may be said to then arise. The rule seems to be well established that as to household goods or wearing apparel the measure of damages is the difference in their actual value just prior to and subsequent to the injury, and not the difference in the market value of similar goods at such time at the nearest place where such market obtains. The fact that such goods may have the same value as household goods or wearing apparel at the place of destination, as well as at the place of beginning the transit, is immaterial. In support of this rule, see *Denver, South Park & Pac. R. R. Co. v. Frame,* 6 Colo. 382; *Brock v. Gale,* 14 Fla. 523, 14 Am. Rep. 356; *McMahon v. City of Dubuque,* 107 Iowa, 62, 77 N. W. 517, 70 Am. St. Rep. 143; *Mote v. Chicago & N. W. R. R. Co.,* 27 Iowa, 22, 1 Am. Rep. 212; *Wall v. Platt,* 169 Mass. 398, 48 N. E. 270; *Bennedict v. C., R. I. & P. Ry. Co.* (Tex. Civ. App.) 91 S. W. 811; *Wells Fargo Express Co. v. Williams* (Tex. Civ. App.) 71 S. W. 314; *Sinclair et al. v. Stanley,* 64 Tex. 67; *Galveston, H. & S. A. Ry. Co. v. Fales et ux.,* 33 Tex. Civ. App. 457, 77 S. W. 234.

3. The defendants in error, as appears from the record, had a separate interest in and sustained a separate damage to the contents of said trunk. Such action may not be joined, though such damage was occasioned by the same act. 15 Enc. of Pleading & Practice, pp. 541, 542.

The judgment of the lower court is reversed and remanded, with instructions to grant a new trial.

All the Justices concur.