No. ----------

First Circuit Appeal.

---

WARREN D. WILLIAMS v. H. L. WEIL COMPANY.

---

(December 2, 1924, Opinion and Decree.).

---

(*Syllabus by the Editor*.)

1. Louisiana Digest, Citation and Appearance—Par. 17.

Citations on A. and B. individually and as partners is sufficient citation on A.

where there is no partnership and A. is the party defendant.

2. **Louisiana Digest—Deposit — Par. 7; Warehouses—Par. 6, 7.**

A notice stating "Cars and contents stored at owners' risk," posted in a garage, does not exempt the owner from liability for his lack of care or prudence.

3. **Louisiana Digest, Mandate—Par. 74.**

Where the person in charge of public garage leaves it to drive the owner of an auto home where he leaves the auto owner taking his car supposedly back to the garage; the garage employee is acting as agent of the auto owner in so doing and the garage is not responsible for resultant damage to the car; it not being shown that the automobile ever reached the garage.

(Civil Code, Art. 1930. Editor's note.)

Appeal from the Parish of Ascension. Hon. Sam A. LeBlanc, Judge.

This is a damage suit to recover the cost of a Ford Sedan.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

C. T. Wortham, of Donaldsonville, attorney for plaintiff, appellant.

Walter Lemann, of Donaldsonville, attorney for defendant, appellee.

LECHE, J. Plaintiff is a traveling salesman, resides in Donaldsonville and owns a Ford Sedan automobile which he uses daily in the pursuit of his occupation. He usually leaves home on the morning returns at night and for some time, not definitely shown, had been under an agreement with the defendant, storing his automobile during the night in defendant's public garage in Donaldsonville.

He alleges that on or about October 31, 1921, he drove his automobile into defendant's garage to be stored under the terms of his agreement, and that during that night his automobile was stolen or taken out without his knowledge or consent and was found the next day several miles from Donaldson-

ville, almost completly wrecked and ruined. Alleging further, the responsibility of defendant for the safe keeping of his automobile, under his agreement, he sues for damages to the machine and deprivation of its use, in the sum of six hundred and fifty seven 78/100 dollars and costs.

The District Court refused his demand and he has appealed.

The evidence shows that plaintiff reached defendant's garage about eight o'clock at night. That at that hour, the garage was in charge of a colored boy whose occupation was to stay there at night.

Whether at the suggestion of plaintiff or the colored boy in charge, instead of leaving the automobile in the garage, plaintiff had the boy to drive him home, some six or seven blocks from the garage, and the last plaintiff saw of his automobile that night, was on the street in front of his home, where he got out of the machine and left it in charge of the boy, to be driven back to the garage.

The first defense is that defendant is not a commercial partnership, composed as alleged, of H. L. Weil and Wm. Blumenthal, but that the garage is owned by H. L. Weil who does business under the name of H. L. Weil & Company and from such fact defendant argues that the plaintiff's demand should be dismissed. Plaintiff's demand is against the partnership and the individual members thereof, in solido. Citations in the case, were addressed to the partnership and to H. L. Weil individually, and to Wm. Blumenthal individually. Conceding that Wm. Blumenthal is not a member of the firm and that there is no such partnership, we believe that the citation was sufficient to hold the defendant H. L. Weil individually. It was by his own act that third parties have been misled into the belief that other persons were associated with him.

The next defense is that there is a notice posted upon the wall of the garage to the effect of warning chauffeurs and owners "Cars and contents stored at owner's risk." It is elementary that a bailee or depositor cannot in any such manner or in fact, in any other manner, exempt himself from responsibility for his own lack of care or prudence.

Neither of these defenses is well taken, but on the merits, according to the evidence in the record, we believe the case is with defendant.

Plaintiff does not allege in his petition the particular manner in which delivery was made of his automobile to the defendant. The inference from the allegations of his petition, which simply states that "petitioner's said car was in the said garage * * * of H. L. Weil Co.", that night, would naturally be that plaintiff had made deposit or delivery at the garage. The colored boy, who was the first witness tendered by plaintiff, swears that delivery was made in the garage, and he also, is silent as to the fact that he drove plaintiff home and that the automobile was left in his keeping on the street, in front of plaintiff's home. It was only after plaintiff himself had been examined in chief, upon the witness stand, that the fact of his having left his automobile in charge of the colored boy some six or seven blocks from the garage, was first elicited. Whether the colored boy forgot to make this statement or whether he deliberately concealed that fact, is a matter of conjecture, but it taints his testimony with suspicion as to its credibility. It is apparent that the plaintiff and the colored boy are far apart as to the manner in which the delivery or deposit was made. Plaintiff says that he had on previous and similar occasions been driven home by this same colored boy, but he does not claim that this was done either with the knowledge, sanc-

tion or authority of defendant. Our opinion is that when plaintiff left the garage to be driven home by the colored boy, he accepted this service at his own risk, and that the boy, on that occasion was acting as his agent and not as agent of the defendant. What became of the automobile after plaintiff left it in charge of the colored boy, in front of his home, is only within the realm of mere supposition. The boy does not pretend to have driven the automobile from plaintiff's home to the garage.

The District Judge did not believe that the automobile was brought back to the garage and we are of the same opinion.

For these reasons the judgment appealed from is affirmed.