## SCOTT AUTO & SUPPLY CO. v. McQUEEN.

No. 13587—Opinion Filed May 27, 1925.

Rehearing Denied June 10, 1925.

1. **Bailment — Negligence — Liability of Garage Operator for Loss of Automobile.**

Where plaintiff sues a garage operator for failure to return or deliver his automobile which was placed in the care, custody, and control of the operator for hire, and the garage operator answers by alleging that at the time the automobile was placed in defendant's garage there was posted in the garage in plain view a large sign that defendant would not be liable for destruction by fire, and that plaintiff was notified at the time of placing his automobile in the garage that the operator thereof would not be liable for the destruction of the automobile by fire, and that the plaintiff assumed the risk of destruction by fire, such allegations do not state a defense, as the law does not permit a bailee for hire, by giving notice or by contract, to limit his liability to a less degree of care than ordinary care; and, under the circumstances presented here, it was not error to sustain a demurrer to such alleged defense.

2. **Same—Statutory Liability of Bailee.**

A bailee for hire is liable to the bailor for failure to exercise ordinary care to protect the bailed property, notwithstanding notice of nonliability or contract to such effect, or an agreement to assume risk, to the contrary, as the implied or express contract to limit the bailee's liability to gross negligence or wanton destruction of the property or to a less degree of care than ordinary care is contrary to public policy and is contrary to the express provisions of section 5206, Comp. Stat. 1921.

3. **Bailment—Liability of Bailee for Loss by Fire—Exclusion of Defensive Evidence.**

It is not error to exclude evidence offered upon the part of a bailee for hire for the purpose of showing that he gave notice at the time the property was placed in his care, custody, and control that he would not be responsible for destruction of the property by fire, or that the bailor assumed the risk of destruction of the property while in the care, custody, and control of the bailee.

4. **Trial—Instructions—Refusal of Requests Covered in Charge.**

It is not error to refuse to give a requested instruction, although a correct statement of the law, when the same proposition of law is embodied in the court's instructions and properly submits the law of the case to the jury.

5. **Bailment—Action Against Bailee for Loss of Property — Instruction on Burden of Proof.**

Where a bailor sues a bailee for hire for failure to return the bailed property, it is not error to instruct the jury that the burden is on the bailee to show that the property was destroyed by some means not within his control, where all the instructions, taken together, make it plain to the jury that the burden of proof is upon the plaintiff or bailor in the whole case to show that the destruction of the property was the result of the bailee's failure to exercise ordinary care to preserve the property.

6. **Same—Damages—Excessiveness of Recovery.**

The verdict of the jury fixing the value of plaintiff's destroyed property in the sum of $900, where the evidence of the value of the destroyed property is conflicting, and plaintiff's evidence tended to show the value of the property destroyed was $1,250, is not so excessive as to require a reversal of the judgment based upon the verdict of the jury.

7. **Same—Judgment Sustained.**

Record examined, and held, that there is evidence in the record sufficient to support the verdict and judgment; and held, that the law of the case was properly declared to the jury in the court's instructions; and held, that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by I. R. McQueen aginst Scott Auto & Supply Company, a corporation, for damages for failure to return an automobile left with the defendant company to be painted. Judgment for plaintiff; defendant appeals. Affirmed.

Pearson & Baird. for plaintiff in error.

Shirk, Danner & Fowler, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error will be referred to herein as the defendant, and the defendant in error as plaintiff, as they appeared in the trial court.

The plaintiff filed his petition in the district court of Oklahoma county on the 2nd of April, 1821. On April 25, plaintiff filed an amended petition, on which the cause was tried. It is alleged in the amended petition, after the formal parts, that plaintiff, pursuant to a verbal contract, delivered his Franklin automobile to the defendant company to paint and keep in storage while the process of painting was going on, upon plaintiff's agreement to pay $90 for the service to be rendered. That in due course he demanded the return of his automobile and such demand was refused and not complied with, but was given the information that the automobile had taken fire and was destroyed. He alleged damages in the sum of $2,-000, the reasonable market value of the car, and prayed judgment for said amount.

The defendant filed demurrer to the petition, which was overruled, and thereafter filed answer denying all the allegations of the petition not expressly admitted; admitted that the car was delivered to it by plaintiff as was alleged, and for the price for services to be rendered as was alleged. By way of affirmative defense defendant alleged in the fourth paragraph of the answer that at the time the car was delivered by plaintiff to defendant it had a large sign displayed in its place of business to the effect that the defendant would not be responsible for cars destroyed by fire while in its possession, and, further, that the agents and officers of defendant notified plaintiff that it would not be responsible for the loss of the car by fire and that plaintiff waived the liability of the defendant in case of destruction by fire and left the car at his own risk. In the fifth paragraph of the answer it is alleged that the body of the car was destroyed by fire, leaving the chassis under it, which defendant had offered to return; that the car was burned without fault of defendant, but it was the fault of palintiff because of some defect in the wiring of the car of which the defendant had not been advised. In paragraph six defendant alleged the value of the car to be not in excess of $400, but believed the true value to be $250.

The plaintiff demurred to paragraphs four, five and six because they did not state matter sufficient to constitute a defense. The court sustained the demurrer to paragraph four and overruled the demurrer as to five and six. It seems that no exception was reserved to the ruling of the court by either party.

On June 28, 1921, defendant filed an amended answer. The amended answer charged in the fourth paragraph that the car was left with the defendant at the plaintiff's risk; otherwise it appears to be the same as the original answer. The plaintiff moved to make paragraph four more definite and certain by showing and alleging by what agreement the car was left at plaintiff's risk. The motion to make more definite was overruled. Plaintiff then demurred to the fourth paragraph of the defendant's answer, which was overruled. Thereafter plaintiff filed reply, joining the issue. On November 9, 1921, the defendant moved the court for permission to revise paragraph four as alleged in the original answer with the additional language "except such as may have been occasioned by want of ordinary care." This had the effect of offering to make an amendment to paragraph four so as to say that the car was left in defendant's care, plaintiff having waived liability of the defendant for destruction by fire "except such as may have been occasioned by want of ordinary care." Whether there was a ruling by the court upon this motion is not disclosed by the record.

The case was called for trial and tried to a jury on the 6th day of January, 1922, resulting in a verdict for plaintiff in the sum of $900, upon which judgment was entered for plaintiff against defendant. The defendant prosecutes appeal and assigns many errors of the trial court which are submitted in the brief and argument under the following propositions:

(1) The court erred in sustaining the demurrer to the fourth paragraph of defendant's answer.

(2) The court erred in not permitting defendant to amend its amended answer.

(3) The court erred in overruling defendant's demurrer to plaintiff's evidence.

(4) The court erred in excluding competent evidence offered by defendant.

(5) The court erred in refusing defendant's requested instruction number one.

(6) The court erred in instructing the jury that the burden was on defendant to free itself from negligence.

(7) Error in the assessment of damages.

1. In paragraph four of the answer the

defendant alleged by way of affirmative defense that a large sign was posted in defendant's place of business that it would not be liable for destruction of cars by fire, and in addition to the sign the plaintiff was notified by defendant's officers at the time he placed the car with defendant that it would not be liable for destruction by fire, and the plaintiff waived any liability on the part of the defendant in case his car was destroyed by fire in defendant's place of business, and left the car at his own risk. To this paragraph of the answer the court sustained a demurrer.

We think that the ruling of the court in sustaining the demurrer to paragraph four was not error. The view we take of the matter is that a garage company cannot escape liability for destruction of cars by fire by posting a notice or giving notice to the owner of the car that the defendant will not be liable for destruction by fire, when the destruction by fire is occasioned by lack of ordinary care on the part of the defendant. Posting the notice or giving the notice has no greater or further effect than saying that defendant will not be liable beyond the use of ordinary care to prevent the destruction by fire. The posting or giving of such notice could not lessen the defendant's liability for negligence. The risk that the plaintiff assumed was that if his car should be destroyed by fire occasioned by means not within the control of the defendant in the use of ordinary care, then defendant should be held harmless. Notwithstanding the assumption of risk by the plaintiff and his waiver of defendant's liability, if such was the case, still the defendant would be liable for destruction of the car by fire, if it failed to exercise the degree of care required by the law. It is admitted that the defendant was a bailee for hire. That being so, the statute fixes the degree of care that must be exercised. Section 5206, Comp. Stat. 1921, is as follows:

"A bailee for hire must use at least ordinary care for the preservation of the thing bailed."

The allegations as to the notice posted and given, and plaintiff's assumption of risk, did not state a defense in the case as presented here, and it was not error to strike it out or sustain a demurrer thereto. It seems that no exception was reserved by the defendant to the ruling of the court in sustaining the demurrer.

2. The foregoing also applies to the second proposition. The amendment offered to the amended answer did not state a defense, and refusing such amendment, if it was re-

fused, did not lessen the scope of the defense, nor did such refusal enlarge the scope of, defendant's liability. The case seems to have been tried upon the theory that plaintiff could have a recovery if it was shown by him, that defendant failed to exercise ordinary care in taking care of his property. It is not clearly shown by the record that the court ever passed upon the motion to amend the amended answer. No exceptions appear in the record to any ruling the court made upon the motion.

3. The defendant complains that the court erred in overruling its demurrer to the plaintiff's evidence.

We have examined the record and find that the plaintiff's evidence tended to show that plaintiff delivered his car to defendant under oral contract between plaintiff and defendant that defendant should paint the car and store it while being painted, and that plaintiff was to pay therefor the sum of $90; that in the process of painting the car took fire and was destroyed, and the circumstances under which the fire occurred, making it a question of fact about whether the defendant was in the exercise of ordinary care in taking care of the car; and that the value of the car was around $1,250. We think that the record discloses that there was sufficient evidence to take the case to the jury under the well known rule that if there is any competent evidence submitted by the plaintiff which would reasonably tend to support a verdict for plaintiff the cause should be sent to the jury.

It was not error to overrule the demurrer to plaintiff's evidence.

4. The defendant complains that the court erred in excluding competent evidence offered by defendant. The defendant offered to prove that at the time the car was left in its care notice was given to plaintiff that defendant would not be liable for his car in case it was destroyed by fire, and that in response plaintiff waived defendant's liability and assumed the risk and told defendant's agents and employes to go ahead with the work. This offer was objected to and the objection sustained and exception reserved. It is contended that this offered evidence should have been admitted for the purpose of showing that the liability of the defendant was limited by contract in such a way that defendant would be liable only for willful or wanton destruction of the plaintiff's car, and that it was competent for the parties by contract to so limit the liability of the defendant.

In 6 C. J. 1112, it is said:

"The parties to a bailment may diminish

the liability of the bailee by special contract, the principle being that the bailee may impose whatever terms he chooses, if he gives the bailor notice that there are special terms and the means of knowing what they are; and if the bailor chooses to make the bailment, he is bound by them, provided the contract is not in violation of law or of public policy, and that it stops short of protection in case of fraud or negligence of the bailee."

In Inland Compress Co. v. Simmons, 59 Okla. 287, 159 Pac. 262, in a case where it was claimed by the cotton warehouseman that the liability of the warehouseman was limited by this provision in the contract of bailment, "not responsible for loss by damage, fire, flood or other agencies, unless caused by the willful act or gross negligence of this company"; and with reference to that portion of the contract, this court said:

"The writers on bailments seem to agree that the parties to a bailment contract may regulate the responsibilities of the bailee by special contract, but it is also universally agreed that the terms which public policy and legislation of the state impose are not to be overleaped by contractual relations, and if so, the contract will be disregarded and declared void, and the bailee held in the same manner, and to the same extent as if such contract never existed.

"The Legislature of this state, by the provision of our statute above quoted, has provided that a bailee for hire must use at least ordinary care for the preservation of the thing bailed, and while this provision of the statute may be considered as a declaration of the general law on the subject of a bailment, yet it also indicates the fixed, definite, and declared policy of the state with reference to the degree of care that all bailees for hire must use towards property intrusted to its care.

"But, negligence in any degree being a wrong, the distinction is not apparent, and the better doctrine supported by authority would seem to be that a bailee cannot stipulate against liability for his own negligence. Lancaster County Nat. Bank v. Smith, 62 Pa. 47.

"It is the better rule that a bailee for hire cannot by contract so limit his responsibility to the bailor as not to be liable for his own negligence or the negligence of his agents and servants.

"We conclude that it would be against public policy in this state to permit the defendant in this case as a bailee for hire, to contract in such manner as to relieve it of any responsibility for its own negligence, and that the provisions of the receipt issued to the plaintiff in error, attempting to relieve the company from any liability on account of damage, the result of its negligence, is void as against public policy. Therefore the court did not err in instructing the jury to the effect that such provision of the contract would not protect the defendant against its own negligence."

In Denver Union Terminal Ry. Co. v. Cullinan, 72 Colo. 248, 210 Pac. 602, it was said:

"The transaction under consideration was a bailment for hire in the course of the bailee's general dealing with the public. In such cases contracts limiting liability for negligence are generally against public policy. 6 C. J. 1112; Denver P. W. Co. v. Munger, 20 Colo. App. 56, 77 Pac. 5; Pilson v. Tip-Top Auto Co., 67 Ore. 528, 136 Pac. 642; Parris et al. v. Jaquith, 70 Colo. 63, 197 Pac. 750."

In Hotels Statler Co., Inc., v. Safier, 103 Ohio St. 638, 134 N. E. 460, it was said by the Ohio Supreme Court:

"As a bailee for hire impliedly contracts to use ordinary care, it follows he may not contract against his own negligence or the lack of such care. Ordinarily in bailments the parties may diminish the liability of the bailee by special contract, provided the contract is not in violation of law, or of public policy and does not relieve the bailee of negligence. 6 C. J. 1112."

To like effect are the following cases: Railroad Company v. Lockwood, 17 Wall. (84 U. S.) 357, 21 L. Ed. 627; Louisville N. A. & C. R. Co. v. Faylor, 126 Ind. 126, 25 N. E. 869; Pittsburgh, etc., R. Co. v. Higgs, 165 Ind. 694, 76 N. E. 299, 4 L. R. A. (N. S.) 1081; Camp v. H. & N. Y. S. Co., 43 Conn. 333; Davis v. C. M. & St. P. R. Co., 93 Wis. 470, 67 N. W. 16, 1132, 33 L. R. A. 654, 57 Am. St. Rep. 935; Lancaster County National Bank v. Smith, 62 Pa. 47; Memphis & C. R. R. Co. v. Jones, 2 Head (Tenn.) 517; 3 Am. & Eng. Ency. of Law (2nd Ed.) 750.

Then, section 5206, Comp. Stat. 1921, supra, fixed the liability of a bailee for hire.

We think that under this statute and the authorities cited it was not competent for the parties to contract for a less degree of care than fixed by statute, nor could they by contract limit the liability of the defendant to willful destruction of or gross negligence with reference to the car. Under the statute quoted and authorities cited it was not error to exclude evidence of a contract reducing the defendant's liability to a less degree than ordinary care.

5. Defendant assigns error of the court in refusing its requested instruction number one. This requested instruction had the effect of advising the jury that the relation of bailor and bailee existed between the plaintiff and defendant, and that the

defendant was required to use ordinary care in preserving the bailed property from destruction, and that if the property was destroyed by accident, or was unavoidable by the use of ordinary care, the defendant would not be liable and the verdict of the jury should be for the defendant. The main point in the instruction was to limit the liability of the defendant to the use of ordinary care. In instruction number six of the court's instructions the court instructed the jury as follows:

"You are further instructed that the fact the car was burned while in the custody of the defendant does not raise any presumption of negligence on the part of the defendant, but the burden of proof is upon the plaintiff to prove that said fire was caused by the negligence of the defendant in not using ordinary care to prevent it."

We think this instruction sufficiently covered the point and clearly put the burden upon the plaintiff to show negligence upon the part of the defendant in failing to use ordinary care. The point being covered by the court's instruction, it was not error to refuse the requested instruction. Harwell, King & Co. v. Duncan Bros., 80 Okla. 74, 194 Pac. 115; Badger Oil Co. v. Clay, 83 Okla. 25, 200 Pac. 433; Midland Valley R. Co. v. Lawhorn, 81 Okla. 288, 198 Pac. 586.

6. The defendant complains of the giving of court's instruction number eight, which had the effect of saying that if the jury should find that the plaintiff had delivered his car to defendant under contract for the purpose of having the car painted, and when he called for the car it was not delivered to him, that plaintiff had made out a prima facie case and the burden then devolved upon the defendant to explain the failure to deliver in a manner consistent with the required degree of care. This instruction is complained of because it had the effect of placing the burden upon the defendant to free itself of negligence. We think the instruction complained of did not have such effect, but had the effect of saying to the jury that when the defendant failed to return the car it was incumbent upon the defendant to show a loss of the car by means not within control of the defendant, as by fire or theft, which would relieve the defendant of the presumption raised by the prima facie case made by plaintiff. The instruction complained of, standing alone, might be subject to the criticism leveled at it, but when taken in connection with the other instructions we think it could not have been misleading to the jury as to where the burden of proof lay. The court instructed the jury in effect that where it was shown that the car was destroyed by fire the burden was

upon the plaintiff to show that the fire was caused by the failure of defendant to use ordinary care.

We have examined all the instructions given and conclude that the instructions, all taken together, fairly submitted the issues and were not misleading to the jury. The court instructed the jury that they were not to single out any particular instruction or instructions and base their verdict thereon, but must take all of them and consider them all together as the law of the case.

Lastly it is complained that the verdict was excessive. The evidence tends to show that the car was so almost completely destroyed that it would cost more to rebuild than it would be worth; that at the time it was burned it was worth $1,250. The evidence would have supported a verdict for a greater amount. The evidence is ample to support the amount of the verdict returned on which judgment was entered.

We have examined with care all of the assignments of error and the record presented on this appeal, and conclude that the defendant was not denied any substantial right in the trial of the cause, and there is no error shown in the record requiring a reversal of the judgment of the trial court.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.