OKLAHOMA CITY HOTEL CO. v. LEVINE.

No. 29843. Sept. 16, 1941.

*116 P. 2d 997.*

Rainey, Flynn, Green & Anderson, of Oklahoma City, for plaintiff in error.

Priest & Belisle, of Oklahoma City, for defendant in error.

ARNOLD, J. This is an appeal from a judgment on a verdict entered after a trial to the court and jury for the loss of a bag and the contents thereof of one who had been a guest in a hotel. The parties will be referred to as they appeared in the trial court. The record substantially discloses that on the 19th day of April, 1938, the plaintiff had been, and was, a paying guest in the Hotel Biltmore in Oklahoma City. He had often been a paying guest at such hotel. He checked out, paid his bill, and went to his room and as the bellboy brought down his bags plaintiff instructed him to place the bag in question in the check room. The bellboy checked the bag, brought plaintiff check No. 905 and plaintiff went to Wichita Falls, Tex., expecting to return in a few days and claim the bag. He also stated that it was his purpose upon return to stop at the hotel. It is undisputed that he did use the hotel thereafter as a paying guest, and the evidence justifies the finding that the defendant hotel at least expected and hoped that the plaintiff would return as a paying guest on his return from Wichita Falls or soon thereafter.

Demand was made for his bag by the plaintiff a few days after depositing the same, and it was not returned. He was advised that the bag could not be found. This action for damages resulted.

The plaintiff testified substantially to the foregoing state of facts, and also testified to the damages sustained by him. He introduced evidence that part of the claim check was delivered to him at the time the deposit was made, and same was introduced in evidence.

After the demurrer of the defendant to the evidence of the plaintiff was overruled, the defendant offered testimony as to its usual custom and manner of checking bags under similar circumstances. Its testimony is to the effect that it had no recollection of the particular incident; that its check room was in charge of the bell captain; that the girl who usually operated same had to procure the key thereto from said bell captain, and when she closed the check room return the key to him; that when she was not in charge a bellboy had to procure the key from the bell captain in order to get parcels for departing guests; that check tickets were used in the usual manner and when the check was delivered to such bellboy or check girl by the possessor thereof, it was sufficient identification of the articles deposited; that when a check was lost it was necessary that identification be made by the depositor describing the contents of the article or articles to the assistant manager. The hotel, by its testimony, described the check room and its location with reference to the bell captain's desk in detail.

The plaintiff below contends: First, that the defendant was a bailee of the luggage of a guest, and, therefore, responsible as an innkeeper under our statutes. Second, that in any event the defendant was a bailee for hire and chargeable with the exercise of ordinary care in the preservation and return of his property. The defendant contends that it was a gratuitous bailee, and, therefore, owed only a slight degree of care and was chargeable only in case it was guilty of gross neglect. It further contends that the alleged contract of bailment on the reverse side of the check given the plaintiff was binding on him as to the maximum limitation of its liability. It further contends that both of the major instructions given the jury relative to bailment for hire and the responsibility of the hotel as bailee to its guest were erroneous, prejudicial, and inapplicable. It also contends that the evidence in the case negatived gross negligence on its part and in fact showed that it exercised the slight degree of care required of it under a gratuitous bailment relationship. The value of the property lost is not involved

for the reason that the proof of the plaintiff as to the value thereof was not contested by the evidence of the defendant and the verdict of the jury was considerably less than the claimed damages and proof of the plaintiff. In this connection, however, the defendant contends that the maximum amount of the coverage is fixed in the amount of $25 by the statement on the reverse side of the check delivered to the plaintiff. Said statement is as follows:

"Date_____

"Hotel Biltmore
"Oklahoma City, Okla.

"Check Room

"Contract Releasing Liability

"In consideration of the receipt and free storage of the property (no value stated) for which this check is issued, it is agreed by the holder, in accepting this check, that the hotel shall not be liable for loss or damage to said property unless caused by negligence of the hotel, in which event only hotel shall be liable for a sum not to exceed $25.00. The hotel shall not in any event be liable for loss or damage to said property by fire, theft or moth, whether caused by its own negligence or otherwise. The hotel is authorized to deliver property to any person presenting this check without identification. Not responsible for articles left over 30 days.

"No. 905."

Such alleged contractual limitations upon liability in such bailment cases in this jurisdiction are contrary to public policy and void. Scott Auto & Supply Co. v. McQueen, 111 Okla. 107, 226 P. 372, 34 A.L.R. 162.

The character of bailment herein involved, although new in this state, has been determined by several states under like circumstances. In Hotels Statler Co. v. Safier, 103 Ohio St. 638, 134 N. E. 460, 22 A.L.R. 1190, the court held that a bailment by such departing guest was a mutual bailment, that is, one for hire. In Hummingbird v. Schurich, 24 Cal. App. 2d 757, 68 P. 2d 319, the court held that a guest who checked out, but left his baggage with the hope of returning,

was a bailor for hire. As pointed out in the latter decisions, the paying guest at such hotel, although he may obtain purported free service with the checking of his baggage, pays for such service, inasmuch as it is charged to the general overhead and upkeep of the establishment.

The defendant relies upon the case of Keisel v. Reynolds, 125 Okla. 295, 244 P. 1104, as authority for his proposition that the facts in the case at bar, like the facts in the Keisel Case, constitute a gratuitous bailment. The fact situation in the Keisel Case was quite dissimilar to the fact situation in the case at bar. The court in its opinion in the Keisel Case held as a matter of law that a gratuitous bailment relationship existed. The fact situation therein being materially dissimilar from that under discussion in the case at bar, that case is not authority for defendant's proposition. We, therefore, hold the fact situation herein conclusively shows a bailment for hire.

Under the evidence in this case the character of bailment was for mutual benefit, or one for hire, and the defendant company owed the plaintiff the duty to exercise ordinary or reasonable care. Section 9553, O. S. 1931, 15 Okla. St. Ann. § 466.

Proof of the contract of bailment, together with the delivery of the article or luggage bailed, demand therefor at a subsequent date and failure to deliver same, as in this case, is sufficient proof to make out a prima facie case in behalf of the plaintiff. Rightway Laundry v. Davis, 98 Okla. 264, 225 P. 345; Hotels Statler Co. v. Safier, supra. The burden to go forward with the evidence then shifted to the defendant; it was the duty of the defendant then to show by competent evidence that it had exercised ordinary and reasonable care in the exercise of its dominion over and possession of said bailed property. Smith v. Maher, 84 Okla. 49, 202 P. 321, 23 A.L.R. 270. If this evidence of the defendant is not sufficient to affirmatively show such an exercise of care, then it

334

would be liable to the plaintiff for the reasonable value of the goods it failed to return to him upon timely demand therefor. The evidence of the defendant in this case does not sustain the character of burden cast upon it by the law, and the jury was justified in so finding, as the court would have been justified in so holding. In this regard the defendant did not sustain its burden, and the plaintiff was entitled to recover the damages that he sustained by reason of the failure of the defendant to exercise ordinary care in the preservation and redelivery of his property. There is ample evidence in the record to justify the finding of the jury as to the amount of damages suffered by the plaintiff. It will not, therefore, be disturbed.

It is, therefore, evident that the alleged error committed by the court in alternatively submitting to the jury the question of the liability of the defendant based on a guest-innkeeper bailment relationship as provided by section 9557, O. S. 1931, 15 Okla. St. Ann. § 501, was harmless.

In view of the foregoing it is not necessary to pass upon the question of whether or not, under the facts and circumstances herein, the plaintiff was still a guest of the hotel at the time the bailment contract was entered into, and we express no view thereon. The judgment of the trial court is, therefore, affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN and HURST, JJ., concur. GIBSON, J., dissents. RILEY, BAYLESS, and DAVISON, JJ., absent.