FISK et al. v. BULLARD.

No. 34659.   Dec. 18, 1951.

*239 P. 2d 424.*

Anglin, Stevenson & Huser, Holdenville, for plaintiffs in error.

Arnote, Arnote & Sadler, McAlester, for defendant in error.

BINGAMAN, J.   Plaintiff, Ira C. Bullard, brought this action against the defendants, P. H. Fisk and Oklahoma Transportation Company, to recover damages for loss of luggage checked by him in the station of the defendant transportation company at Holdenville, alleging that Fisk was the agent of the transportation company; that he checked his Gladstone bag containing his personal belongings with Fisk, at the check room in the company's station at Holdenville, and that it was never returned to him.   He also asked damages for expenses incurred by him in attempting to locate and recover the bag.   The defendant bus company denied that Fisk was its agent in operating the check room, alleging that the operation of the check room was his independent enterprise, but admitted that Fisk was its ticket agent at Holdenville.   It further pleaded a liability limit of $25 as stated in the check issued to plaintiff by Fisk.   The trial court overruled the motion of defendant for directed verdict at the close of all the evidence and submitted the cause to a jury, which rendered a verdict for the amount sued for by plaintiff, and the court rendered judgment against both defendants for that amount.   Both defendants appeal to this court, but no brief has been filed on behalf of the defendant Fisk and he has apparently abandoned the appeal.

From the evidence it appears that on November 23, 1946, plaintiff left the city of Guthrie for the city of Holdenville.   At Oklahoma City he boarded a bus operated by the transportation company, and upon arrival in Holdenville checked his bag by delivering it to the defendant Fisk, who gave him a check which recited that the storage charge was ten cents per day, and further states that "liability of this check not to exceed $25.00."   The next day plaintiff returned to the bus station, found that the portion of the tag issued to him which had been retained by the defendant Fisk was placed upon a bag which resembled his but was not his bag.   At the suggestion of Fisk, who

made out a claim for him against the Oklahoma Transportation Company, he got in touch with the claim agent of that company at Oklahoma City and made one or two trips to Oklahoma City in an effort to recover his bag. All of these efforts were unsuccessful, and thereupon plaintiff brought this action.

Defendant company in this court contends that the undisputed evidence establishes that the check room at the station in Holdenville was operated by the defendant Fisk as his personal enterprise, and that in so operating the check stand he was not the agent of the defendant transportation company. While it is true that both Fisk and the claim agent of the transportation company so testified, the evidence shows that the building occupied by the bus terminal at Holdenville was leased by the transportation company, and that the transportation company, after a fruitless effort to recover plaintiff's property, tendered him a release of the liability of the bus station, advising him by letter that upon the signing and returning of the release by him it would pay him the sum of $25, which was the amount of the liability of the bus station as recited in the check room tag. It also appears that neither Fisk nor the claim agent at any time prior to the filing of this action advised plaintiff that the check room in the bus station was the individual enterprise of Fisk, but on the contrary that Fisk made out a claim for plaintiff against the transportation company and that the transportation company thereafter offered to pay what it contends was the liability of Fisk, under the contract between him and plaintiff. This evidence, in our judgment, was sufficient to require the trial court to submit to the jury the question of whether or not Fisk, in operating the check room, was the agent of the company. While it is true, as contended by defendant, that the burden of proving agency rested upon plaintiff, it is also true that that fact may be established by circumstantial evidence. Catlin v. Reed, 141 Okla. 14, 283 P. 549; Brouse v. Cox,

129 Okla. 130, 263 P. 1088. It is also settled that the positive testimony of witnesses may be disputed by facts and circumstances, and that a jury may accept circumstantial evidence produced by one side and reject positive testimony on the same point on the other side. Ironside v. Ironside, 188 Okla. 267, 108 P. 2d 157.

The defendant company asserts that its letter accompanying the release which it forwarded to plaintiff was an offer to compromise a disputed claim and was therefore inadmissible in evidence. A compromise is defined as an agreement between two or more parties who, to avoid a lawsuit, amicably settle their differences on such terms as they can agree on. 15 C. J. S. p. 711, §1; Evans v. Irby, 100 Okla. 60, 227 P. 433. A tender admits absolutely the amount tendered as due and is not an offer to compromise. 15 C. J. S. p. 712, §1b; Latham v. Hartford, 27 Kan. 249. The letter in the instant case was not an offer of compromise but a tender of the total amount which the company contends was due the plaintiff from the bus station or from Fisk whom it asserts was the individual operator of the check room. Furthermore, even if it be considered an offer to compromise, it was admissible for the purpose of disputing the testimony of Fisk and the claim agent that Fisk individually operated the check room. 20 Am. Jur. p. 478, §566; 31 C. J. S. p. 1047, §287. We think the evidence was properly admitted.

It is next contended that the court erred in permitting the plaintiff to offer testimony as to the value of a camera, exposure meter, light filter and rolls of film for the camera, as well as an electric clock, for the reason that these articles were not luggage as defined by 13 O. S. 1941 §38. This section defines luggage as follows: "Luggage may consist of any articles intended for the use of a passenger while traveling, or for his personal equipment." In support of this contention defendant cites St. Louis & S. F. R. Co. v. Dickerson,

29 Okla. 386, 118 P. 140, and Choctaw, O. & G. R. Co. v. Zwirtz, 13 Okla. 411, 73 P. 941. We are unable to agree with this contention.

In the instant case plaintiff testified that he had retained possession of his bag at all times and carried it off the bus and into the station where he checked it as hereinbefore stated. In such case the baggage had been delivered by the carrier to the passenger as required by 13 O. S. 1941 §40, and the relationship between the plaintiff and the company as passenger and carrier had terminated. When, thereafter, plaintiff checked his bag in the company's station, its liability became that of a warehouseman or bailee for hire, and the definition of luggage, as contained in section 38 no longer applied, but the company became liable for the loss of any property so deposited with it by plaintiff. 13 C. J. S. p. 1711, §§884, 885.

It is last contended that the limitation of liability contained in the check room tag was valid, citing All American Bus Lines, Inc., v. Schuster, 199 Okla. 628, 189 P. 2d. 412, and that additional damages allowed the plaintiff for expenditures incurred in attempting to recover his property were improperly allowed. We think the Schuster case inapplicable since in that case the plaintiff was traveling in interstate commerce and the limitation of liability was shown in his baggage check issued by the company in accordance with its tariffs duly filed. In the instant case, as pointed out above, the liability of the defendant was that of a warehouseman or bailee for hire. We have heretofore held that a warehouseman or bailee for hire could not limit its liability for the loss of property held by it. Oklahoma City Hotel Co. v. Levine, 189 Okla. 331, 116 P. 2d 997. In Allen v. Southern Pacific Co. (Utah) 213 P. 2d 667, the court says:

"A bailee cannot entirely exempt himself by contract from liability due to his negligence, and contracts limiting his liability for negligence during the course of a general business with the public are usually regarded as being against public policy."

The expense of plaintiff in attempting to recover the property was a proper element of damages. St. Louis-San Francisco Ry. Co. v. Freeman, 82 Okla. 6, 198 P. 298.

Affirmed.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.