LEE TIRE & RUBBER COMPANY OF THE STATE OF NEW YORK, a corporation of the State of New York, Appellant, Defendant Below, v. DEVLIN W. DORMER, Respondent, Plaintiff Below.

(*October* 11, 1954.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Irving Morris* (of the firm of Cohen and Morris) for plaintiff.

*Albert L. Simon* and *Stephen E. Hamilton, Jr.,* for defendant.

Supreme Court of the State of Delaware.

BRAMHALL, J.:

This appeal involves the right of plaintiff to recover for damage to his automobile and loss of its use resulting from its theft from defendant's parking lot.

Plaintiff entered into an agreement with defendant for the parking of plaintiff's automobile on the parking lot of defend-

ant. Under the arrangement between the parties plaintiff was to be permitted to store his automobile on a 24-hour basis, for which he was to pay defendant the sum of $10 monthly. It was also originally understood that plaintiff was to leave with the defendant a set of keys to his automobile in order to permit defendant to comply with city fire regulations and to enable it to move plaintiff's automobile on the parking lot as necessity might require. The latter arrangement continued only for approximately a week, after which no keys were regularly left by plaintiff with defendant. Plaintiff understood that no attendant was regularly on duty after 5:30 p.m.

On September 10, 1951, the date on which the circumstances out of which this action arose occurred, plaintiff parked his automobile on the parking lot of defendant. Plaintiff testified that defendant's attendant requested plaintiff to leave the keys with him (or in the car), stating that it would be necessary to move plaintiff's car. This was denied by the attendant, who stated that no such conversation occurred. Later in the evening of September 10th, while plaintiff's car was on the parking lot of defendant with the keys in the ignition, plaintiff's car was stolen. Plaintiff instituted suit against defendant for the damage sustained as a result of the theft, claiming that defendant was negligent in leaving keys in plaintiff's car. Upon the trial of the case below the jury found for plaintiff and judgment was entered upon the verdict. Defendant appealed.

Defendant's appeal is based upon rulings of the trial judge and his charge to the jury. They present the following questions:

1. Did the trial judge err in his charge that the relationship between the parties was that of bailor and bailee?

2. Did the trial judge err in charging the jury, in effect, that defendant could not limit its liability for negligence?

3. Should the trial judge have held that defendant was not guilty of negligence as a matter of law?

4. Should the trial judge have charged the jury relative to the contributory negligence of plaintiff?

5. Did the trial judge err in ruling that defendant could not offer the depositions of plaintiff as positive evidence, since plaintiff was personally present?

1. *Charge of the Court relative to relationship of bailor and bailee.*

Defendant contends that the relationship between the parties did not constitute a bailment and that the charge of the trial judge in this respect was error. In his charge to the jury the trial judge said:

"Now, there are two principal classes of legal relationships in dealing with the present-day type of parking lot.

"The first is where an owner merely rents space in a parking lot, drives his automobile therein, locks it or not as he chooses, and, for all practical purposes, retains control thereof.

"Such transactions have commonly been held to be that of a mere lease or a license, because the owner has paid a fee for the privilege only of parking his automobile, without actual delivery to the parking lot operator, and with no corresponding right to re-delivery.

"Such, however, was not the relationship in the present case. The present situation falls into a different classification. The defendant did more than merely rent space to the plaintiff. No particular space was assigned to the plaintiff. The plaintiff left his keys with the defendant in order that the attendant could move plaintiff's automobile from place to place as defendant's business might demand, at which times the attendant assumed control of it, in parking it in various places within the parking lot. The leaving of the keys with the defendant and its right to move the same about gave to the defendant the control and possession, an incident to the creation of a bailment which I find to be the relationship that sprung from the agreement between the parties on June 15, 1951.

"Now, briefly, a bailment is a contract, such as arises where one delivers property to another to keep for hire either express or implied. It is where the control and possession of the property passes to the bailee, commonly designated as the keeper."

The charge of the Court was a general charge on bailments. As a statement of the law no fault can be found with it. However, the facts upon which the legal relationship of the parties would be determined were in dispute. It was the duty of the trial judge to leave these facts to the jury for its determination and to instruct it relative to the legal consequences flowing from different factual findings. The trial judge should have instructed the jury that if the plaintiff subsequently failed to leave a set of keys with defendant and thus deprived defendant of any control over the car, the original bailment relationship terminated, and, in the absence of any new arrangement or modification of the old arrangement, there could be no liability imposed on the defendant as a bailee nor could any presumption of negligence arise from the failure of defendant to produce plaintiff's car. On the other hand, the jury should have received instructions that if it found that the original relationship between the parties continued, or if terminated was revived prior to the time plaintiff's car was stolen, under those circumstances the presumption of negligence from failure to produce would arise.

The jury should also have been instructed that it must determine the conflict of testimony relative to the responsibility of plaintiff or defendant in leaving the keys in the ignition of the car prior to the time it was stolen and that if they believed that plaintiff delivered the keys to defendant's attendant at his request, as plaintiff testified, defendant would be negligent in failing to remove the keys when the parking lot was closed for the day and would therefore be responsible to plaintiff. If the jury should conclude that the keys were left in the ignition without the knowledge of defendant's attendant, as the attendant testified, the trial judge should have instructed the jury that

under those circumstances the defendant would not be liable to plaintiff.

In failing to call the jury's attention to the fact that the existence or non-existence of a bailment relationship and the different legal consequences flowing therefrom was a question to be decided by the jury as a factual issue and to give appropriate instructions with reference thereto the trial judge committed reversible error.

2. *Charge of the Court relative to limitation of liability for negligence.*

Defendant contends that the Court committed error in charging the jury that no agreement limiting the responsibility of defendant for negligence could be enforced in this case:

"The defendant contends that a part of the agreement between the parties was that it would not be liable for damages sustained by the defendant by reason of theft. Therefore, the defendant has requested that I charge you that since the automobile was stolen, the defendant would not be liable to the plaintiff in any form in this action."

"Such an agreement, even if found by you to have been a part of the contract between the parties, cannot be enforced in this action, if you should find that the theft was occasioned in part by the negligence of the defendant, which negligence was a proximate cause of the wrongful taking. On the other hand, if no negligence be found by you to have existed on the defendant's part, or if negligent, such negligence was not a proximate cause of the wrongful taking, then, of course, the defendant would not be liable to the plaintiff by reason of the theft of the automobile."

The agreement referred to by the Court related to the limitation of defendant's responsibility for fire or theft. It is based upon a sign 6' by 3' in size, erected on the premises and in plain view of the customers, reading "Not Responsible For Fire or Theft." There was no positive testimony that this sign

was ever called to plaintiff's attention or that he assented to its terms. It therefore formed no part of the contract of bailment. *Dietrich v. Peters,* 28 *Ohio App.* 427, 162 *N. E.* 753; *Williams v. H. L. Weil Co.,* 1 *La. App.* 188; *Cascade Auto Co. v. Petter,* 72 *Colo.* 570, 212 *P.* 823; *Scott Auto & Supply Co. v. McQueen,* 111 *Okl.* 107, 226 *P.* 372, 34 *A. L. R.* 162. There was also some testimony (of doubtful sufficiency) to the effect that defendant's manager had informed plaintiff that defendant was not responsible for cars left after 5:30 p.m.

Accepting the evidence offered with respect to the sign and assuming that plaintiff was informed as to the limitation of defendant's responsibility, the difficulty which we have with this portion of the Court's charge is that there was no occasion for the Court to charge on the general proposition of the right of a bailee to limit its liability for negligence. This case does not present facts requiring a discussion of this question. The agreement under which the defendant claimed to be relieved of responsibility after 5:30 p.m. had nothing at all to do with defendant's negligence: it related to the time when the bailment allegedly terminated. As in any other contract a bailor and bailee may agree as to the terms and general conditions of the bailment, including the time during which the bailment shall remain in effect. The Court's charge, without any further explanation, to the effect that there could be no agreement between the parties limiting the responsibility of the bailee for negligence, was therefore not only unnecessary but was confusing and misleading to the jury.

The question of the right of a bailee to limit its responsibility for negligence has never been settled in this state and the authorities elsewhere are divided. As previously stated, this case does not present facts requiring a decision upon the question. If the case is tried again, and the facts appear as above stated, the jury should be charged that the language of the sign formed no part of the contract and that any agreement that defendant was not responsible after 5:30 p.m. could not limit defendant's lia-

bility for any negligent act committed in the course of the bailment.

### 3. *Defendant's Negligence.*

Plaintiff testified that on September 10th, the date on which he parked his car in the parking lot, he was requested by defendant's attendant to leave the key with him, the defendant saying that they would probably have to move plaintiff's car. According to plaintiff's testimony, plaintiff left his key either with the attendant or in the ignition of the car. In either event, the key would have been under the control of defendant's agent. Plaintiff's testimony in this respect was denied by the defendant. The trial judge was right in charging the jury with respect to this testimony, since the correctness or incorrectness thereof was a matter for the jury's determination.

### 4. *Plaintiff's Contributory Negligence.*

The trial judge was requested by defendant to charge the jury relative to the contributory negligence of plaintiff. According to the testimony of defendant's witnesses, plaintiff did not leave the key in the ignition of his car at the request of the defendant's attendant. At the time the car was stolen the key was in the ignition. If the jury should have believed the testimony of defendant's witness, plaintiff was guilty of contributory negligence such as to prevent his recovery.

The general principles of contributory negligence, in an action for negligence, apply equally to bailments. *Osborn v. Cline*, 263 *N. Y.* 434, 438, 189 *N. E.* 483; *Wamser v. Browning, King & Co.*, 187 *N. Y.* 87, 79 *N. E.* 861, 10 *L. R. A.*, *N. S.*, 314; *Fire Association of Philadelphia v. Fabian*, 170 *Misc.* 665, 9 *N. Y. S.* 2d 1018. The testimony of defendant's witnesses, if believed, established contributory negligence on the part of plaintiff in leaving his key in the ignition of his car. This testimony was denied by plaintiff. In view of the factual dispute the trial judge should have charged the jury with respect to plaintiff's contributory negligence.

### 5. *Plaintiff's Deposition.*

As a part of its case in chief, for the purpose of offering positive testimony to the effect that plaintiff had left two sets of keys in his car, defendant offered in evidence the pre-trial deposition of plaintiff. Upon objection by plaintiff the trial judge ruled that such a deposition was admissible only for the purpose of impeachment and could not be admitted for any other purpose. While admitting that the trial judge was in error in his ruling, plaintiff contended that since plaintiff was cross-examined relative to all the substantial parts of plaintiff's deposition, defendant was not injured thereby.

Under Rule 26(d) (2) of the Superior Court, *Del. C. Ann.,* it is provided:

"The deposition of a party or of any one who at the time of taking the deposition was an officer, director or managing agent of a public or private corporation, partnership or association which is a party may be used by an adverse party for any purpose."

The refusal of the trial judge to permit defendant to introduce the deposition of plaintiff obviously was error. Since, however, we have already decided, upon other grounds, that there must be a new trial in this case, the question of whether or not defendant was harmed by the ruling of the trial judge is not now important.

Judgment is reversed and a new trial will be granted. The application for judgment for defendant is denied.